Creighton *v.* Pragg.

## CREIGHTON *v.* PRAGG.

WHERE a contract is made and executed in pursuance of a statute, which also prescribes the parties against whom and the mode in which it may be enforced, the right to enforce it in the manner prescribed is a part of the contract, and is not affected by a subsequent act repealing the provisions in reference to the enforcement of the contracts authorized by the statute under which it was made.

The Consolidation Act of 1856, as amended in 1859, authorized the city authorities of San Francisco to enter into contracts with individuals for grading its streets, and provided that the charges under the contract should be borne by the owners of the adjacent lots. Section fifty-nine authorized a contractor, upon the completion of his work, to sue each delinquent owner for the amount of his assessment. In March, 1861, a contract was entered into with plaintiff for grading a certain street, and the work under it was completed by him in April. May 18th, 1861, an act was passed repealing section fifty-nine. In August, 1861, plaintiff commenced the present action against one of the delinquent owners to recover the amount assessed against him: *Held*, that plaintiff's right to maintain the action was not impaired by the Repealing Act; that the right to sue the property owners was a part of the contract, and could not be taken away by legislation subsequent to his performance of the work.

APPEAL from the County Court of San Francisco.

The Act of 1856, consolidating the City and County of San Francisco, in an article upon streets, provides the mode in which contracts for their grading shall be let by the Board of Supervisors,

and for the assessment of the expense of the work upon the owners of the adjacent property. Section fifty-nine, as amended in 1859, is as follows:

"An action may be instituted and maintained, before any Court of competent jurisdiction, by the contractor or his assigns for work done and materials furnished upon street crossings under the provisions of this article against the several owners, assessed or liable therefor, for the recovery of the amount of their respective assessments or for repairs, as provided in section fifty-six of this act, which shall be deemed a remedy concurrent with the proceedings for the enforcement of such assessment and charges hereinbefore provided; and the entries kept by the Superintendent of Public Streets and Highways in the record book of assessments and charges, or a copy therefrom certified by the said Superintendent to be a true copy thereof, shall be *prima facie* evidence in said Court of the regularity of all the proceedings prescribed in this article."

May 18th, 1861, an act was passed amending the act above referred to, the eighteenth section of which is as follows:

" Sections fifty-one, fifty-five, and fifty-nine of the act to which this is an amendment, commonly called the ' Consolidation Act,' are hereby repealed. This act shall take effect and be in force from and after the first day of June next."

In March, 1861, the Board of Supervisors, in the form and mode prescribed by the act, awarded to plaintiff a contract for grading a street adjacent to a certain lot owned then by defendant, and an assessment therefor was levied upon the property owners, including defendant, against whom the assessment was one hundred and twenty-eight dollars and twenty-one cents.

Plaintiff completed the work about the first of May, 1861, and on the twenty-fourth of that month received from the Superintendent a certificate authorizing him to collect from the several property owners the amounts assessed against them; and in August, 1861, having previously demanded of defendant the amount of his assessment, which was refused, commenced this action in a Justice's Court to recover the same.

The complaint sets forth in detail the performance by the city

Creighton *v.* Pragg.

officers and by plaintiff of the various requirements of the act preliminary and subsequent to the letting of the contract, the performance of the work by him, the certificate of the Superintendent, and the demand upon defendant and his refusal to pay. In stating the dates of the several acts, the form of the averment is, that " on or about" a certain day the act was done, and after setting forth the contract, it is averred that the plaintiff " duly performed" all the conditions therein on his part.

Defendant demurred to the complaint, and the demurrer being overruled, plead a general denial. On the trial, plaintiff had judgment, and defendant appealed to the County Court, where the case was tried anew with the same result.

In the County Court, defendant moved to dismiss the action, because of the insufficiency of the complaint, and objected to all the evidence of plaintiff when offered, and at the close of the trial moved to strike it all out, on the ground that " there was no evidence to prove any tax assessment or charge against the defendant."

The record book of the Superintendent, containing the entry of the assessment, and also a diagram of the street and lots adjacent was offered by plaintiff, and objected to by defendant, on the ground " that no predicate for its introduction had been laid."

All these objections and motions of defendant were overruled. Defendant moved for a new trial, which was denied; and from this order and also from the judgment the present appeal is taken by him.

*S. H. Brodie,* for Appellant.

The claim is for a tax and is *stricti juris.* (4 Comst. 419–429; 12 Cal. 83, 478.)

I. The repeal of section fifty-nine of the Consolidation Act on June 1st, 1861, before the commencement of this action, takes away this remedy for the collection of the tax. (Stat. 1861, 553, sec. 18; *Butler* v. *Palmer,* 1 Hill, [N. Y.] 324.) It is not pretended that plaintiff had any contract with defendant.

II. The plaintiff must aver and prove all that the statute requires. (*Blanchard* v. *Beiderman,* 18 Cal. 261; *Dye* v. *Dye,* 11 Id. 165; 10 Id. 632, 633.) The averment that an act is

" duly " done is bad.   (1 Chit. Pl. 236, note *k.*)    When time is important, it must be averred with certainty ; " about " will not do. (Blackwell on Tax Titles, 601.)    The complaint is, therefore, defective.

As to the proofs, plaintiff did not pretend to make out a case by common law proofs.   He introduced no evidence as to the work having been ordered by the Board of Supervisors, or as to any publication in a newspaper as required by law, or as to ownership of the land ; but he relied solely upon supposed statutory or constructive proof—that is, on section fifty-nine of the Consolidation Act.   But that section was repealed long before the commencement of this action by the Statute of 1861 (p. 553, sec. 18).    Of course, it was in the power of the Legislature to alter the rules of evidence.

III.   The diagram and assessment not only do not show an assessment by quarter-blocks, as required by sections thirty-seven and forty-seven of the Consolidation Act, but they show that one quarter, instead of being one hundred and thirty-seven and one-half feet deep, was only assessed seventy feet.   This objection alone is fatal to plaintiff's right to recover.

*Robert C. & David Rogers*, for Respondent.

I.   Assessments under a street contract are in the nature of a tax, and as such, are a personal charge, as well as a charge on the property.   (*People* v. *Seymour*, 16 Cal. 342.)

II.   The repeal of section fifty-nine of the Statute of 1859, (Consolidation Act, Laws of 1859, 146) which alone gave a personal action and concurrent remedy, did not affect the right of respondent to recover.   The contract was fully consummated under the Law of 1859, and the repeal of section fifty-nine was *pro tanto* unconstitutional, because the repealing act not only operated upon the remedy, but upon the obligations of the contract, and amounted to a denial of the right which had already accrued under the contract.   (*McCauley* v. *Brooks*, 16 Cal. 30–33, and cases there cited.)

III.   The diagram required to be made, only exhibits the lots which are assessed and chargeable for the work.   The record book is the *prima facie* evidence of the regularity of all the proceedings, and it becomes conclusive proof in the absence of other testimony.

Creighton *v.* Pragg.

IV.   The complaint is sufficient, and contains an averment of every fact, proof of which is required.   But there is no appeal from the order overruling the demurrer.

COPE, J. delivered the opinion of the Court—FIELD, C. J. and NORTON, J. concurring.

This is an action to recover of the defendant his proportion of an assessment levied to defray the expenses of work done on a street crossing in the city of San Francisco.   The suit was brought under the fifty-ninth section of the Consolidation Act, and the first point made is, that in 1861, and prior to the commencement of the suit, this section was repealed.   The repealing act is absolute in its terms, but it was not intended that the repeal should affect past contracts, for that would have been to impair their obligation, which the Legislature had no power to do.   The section created a personal liability in the property holder, and gave the contractor a right of action against him for its enforcement, and an appeal affecting this liability would amount *pro tanto* to an abrogation of the contract. No point is made as to the validity of the section, but simply as to its repeal ; and no effect can be given to the repeal as against a contract previously made and executed.

The other points do not seem to be well taken, nor are they stated with sufficient particularity to entitle them to much consideration.   It is objected to the complaint that an averment stating an act to have been " duly " done is bad, and that when time is important it must be averred with certainty, " about " not being sufficient.   The portions of the complaint to which these objections apply are not pointed out ; and in respect to the first, it is sufficient to say that where an averment stating an act to have been done would be good, the additional word will not make it bad.   As to the second, we do not see that it amounts to anything more than an abstract proposition, for in reading the complaint we are unable to discover any averment in which time is material.   On the trial of the case the defendant seems to have regarded his safety as depending upon his capacity to object, and the record discloses an array of exceptions rarely equaled.   There is an exception for every step in the proceedings, and the case found its way to a con-

clusion over a barrier of objections as formidable as legal ingenuity could make it. The points presented, however, are few in number, and so far as we are capable of understanding them, the questions involved are easily disposed of. It is contended that the diagram given in evidence shows that the assessment was improperly made ; but we find on its face nothing to justify us in so regarding it. It appears in the record without explanation, and it is impossible from an inspection of it to determine whether the assessment was properly made or not. The warrant of the Street Superintendent was the only authority required by the plaintiff to demand payment, and together with the other evidence offered it was sufficient *prima facie* to entitle him to recover. The subsequent proceedings provided for relate to the remedy against the property, and have no reference to the concurrent remedy against the person. The appeal given is from the assessment, and not from the proceedings under the warrant.

Judgment affirmed.