## HOUSTON *v.* McKENNA.

*Conlin* v. *Seamen* (*ante*, 546), to the effect that the Superintendent of Streets of San Francisco has the power to extend the time for completion of contracts for the improvement of streets made by him, affirmed.

The plaintiff in November, 1860, entered into a contract for the improvement of streets in San Francisco under the law of 1859, which provided that for payment an assessment should be levied upon the adjacent lots in proportion to their respective values. Before the completion of the work the Amendatory Act of 1861 was passed, providing for an assessment in payment of such contracts according to the street frontage of each lot: *held,* that the provisions of the law of 1859 respecting the mode of assessment was part of the contract, and that the assessment, though made after the amendatory act, must be in the mode prescribed by the old law.

Under the Act of 1859 the Board of Supervisors of San Francisco have power to provide for the grading of all located streets, whether new or old, and as well of those lying east of Larkin Street as to the west of it.

APPEAL from the Twelfth Judicial District.

The facts are stated in the opinion.

*Pratt & Clark*, for Appellant.

I. The time within which the work shall be done, is not of the essence of the contract. In this respect, it is only essential that the directions of the Superintendent shall be followed, and the performance of the work be had and done to his satisfaction.

The law does not contemplate or require that the offer by the contractor to do the work, nor its acceptance by the Board, shall contain any period within which it shall be performed. Only the quantity is named in the invited proposals, and the price fixed in the offered bid put in by the contractor ; but, as the work is to be done to the satisfaction of the Superintendent, and must be so inserted in the contract, it is to be presumed that in the discharge of his official duty the Superintendent will not be " satisfied " to allow it to be done, and accepted by him, except as diligently as the nature of the work will admit, and within a reasonable time.

II. The assessment was rightly made as required by the law of March 28th, 1859, the one under which the contract was made, and not under that of May 18th, 1861, passed while the work was in progress of completion.

The cost of the work certainly could not have been assessed under the law of 1861, for it established a new measure of liability not in force at the date of the contract; and if unable to be made on the basis of obligation of the property owners fixed by the law of 1859, in force when the contract was taken, then it could not have been made at all, and the contractor would be left remediless to enforce payment in any manner, or out of any body.

· The provisions of the law of 1859 entered into and formed part of the contract; they gave alike a right of action to the contractor, assuring him the enforcement against each owner of a determinate amount, and at the same time fixed and limited the exact extent of each owner's liability. Any change, therefore, of the law, made under the pretense of altering the remedy, which would work either a substantial injury to the rights of the contractor or alter the liability of the property holders, would be beyond the law-making power.

Legislation is incompetent to work such changes. It can neither impair the obligation of contracts, nor destroy or impair rights in attempts to change the remedy. (10 Cal. 308; 2 How., U. S., 608; *Creighton v. Pragg*, 21 Cal. 115.)

*Porter & Sawyer*, for Respondent.

I.  There is no provision of any act previous to the Act of May 25th, 1862, giving the Superintendent any authority to extend the time, or interfere with the contract in any manner, after it was executed.

All the authority conferred upon the Superintendent in the matter, was to make the contract. (Stat. of 1859, 144, Sec. 43.)

Having made the contract, the Superintendent was *functus officio*. (*Allen* v. *Cooper*, 22 Maine, 136.)

When time is expressed in the contract, it becomes the essence of the contract. (22 Maine, 136; Story on Cont., Secs. 970, 971.)

II.  The assessment was made (the complaint states) according to the last assessment roll, upon the valuation of the lands fronting on Mason Street. The complaint shows that the assessment was made after the passage of the Amendatory Act of May 18th, 1861,

and this was the only law then in force relative to such assessments. The old law was Sec. 42, p. 167 of Statutes of 1856. This was amended by the Act of 1859 (Stat. of 1859, 144, Sec. 7), and again amended by Act of 1861 (Stat. of 1861, 546, Sec. 6.)

III.    The Board of Supervisors never had jurisdiction over the subject matter. By the Statutes of 1856 (156, Sec. 39), and Statutes of 1859 (143, Secs. 5, 6), there are two distinct modes of proceedings to grade streets, and these relate two sections of the city and county.

The first mode, is by Sec. 5 (Stat. 1859, 143), where the Supervisors may initiate the proceedings; and the second, is by Sec. 6, same page, where the first steps are taken by the property holders. There can be no dispute about these two modes. The first, is only applicable to that portion of the city and county within its corporate limits, west of Larkin Street and south-west of Johnson Street. (Stat. 1856, 156, Sec. 39; Id. 1859, 143, Sec. 5, amendatory of Sec. 40 of 1856, 156.)

CROCKER, J. delivered the opinion of the Court—NORTON, J. concurring.

This is an action brought by a contractor against a property holder in San Francisco, to enforce a lien and payment for work done in grading Mason Street from O'Farrell to Ellis streets. The defendant demurred to the complaint on the ground that it did not state facts sufficient to constitute a cause of action, and that it was ambiguous, unintelligible, and uncertain. The Court below sustained the demurrer, and, the plaintiff failing to amend his complaint, rendered a final judgment for the defendant, from which the plaintiff appeals.

It appears from the complaint that the work was not completed within the time limited in the contract, but the time was twice extended by the Superintendent of Streets, and it is insisted that the Superintendent had no power to enlarge the time, and therefore the plaintiff has no right to recover. We held in the case of *Conlin* v. *Seamen* (*ante*, 546), that the Superintendent had full power and control over the matter, and that an extension of the time by him did not release the property holders from their liability to pay the assessment.

The complaint avers that the proceedings for the grading of this street commenced on the twenty-seventh day of August, 1860 ; that the Superintendent of Streets, on the twenty-third day of November, 1860, entered into a contract with the plaintiff to do the work ; that he performed the work, which was duly approved by the Superintendent, who, on the fourth day of October, 1861, assessed and apportioned the amount upon the adjacent lots, each lot being separately assessed in proportion to the assessed value of the same, according to the assessment roll last completed prior to the making of the contract. The defendant insists that the assessment is void, because not made in accordance with the provisions of the Act of May 18th, 1861, which was in force when the assessment was made, and which provides that " the expense of construction of any street, or portion of a street, shall be assessed upon the lots of land fronting thereon, each lot or portion of a lot being separately assessed, in proportion to its frontage, at a rate per front foot to cover the total expenses of the work." On the contrary, the plaintiff contends that the law in force at the time the contract was made—the Act of March 28th, 1859—controls the rights of the plaintiff, and that the assessment, being made in accordance with that law, is valid. The difference between the two statutes is simply this—the Act of 1859 provides that assessments shall be according to the value of the lots, and the Act of 1861, according to the street frontage of each lot.

The plaintiff made the contract, in view of the right, which the law then in force gave him, to resort to the property and its owners for payment of the work done in grading the street. In this respect the law of 1859, so far as it regulated the extent and nature of that liability, formed part of the contract, and could not be essentially changed without impairing the obligation of the contract, which could not be done without a violation of the Constitution. The Act of 1861 changes the rights of the plaintiff and the liability of the property and its owners, by changing the extent of that liability—making some to pay more and others a less sum than they would have been liable to pay under the Act of 1859. Such a result can only be avoided by giving the Act of 1861 a prospective effect—that is, limiting its application to those contracts made after it took effect.

36

It is a well settled rule of law that statutes should not receive a retroactive construction, unless the intention of the Legislature is so clear and positive as by no possibility to admit of any other construction. (Sedgwick on Stat. and Con. Law, 193, 407.) There is nothing in the language of the Act of 1861 amendatory of Sec. 36, which makes it necessary to give it a retroactive effect, so as necessarily to include contracts made before its passage, and it should therefore be construed to apply only to subsequent contracts. (*Creighton* v. *Pragg*, 21 Cal. 115; *Scarborough* v. *Dugan*, 10 Id. 305.)

It is also urged that the Board of Supervisors have no power to initiate proceedings for the grading of streets east of Larkin; and, as this street is east of Larkin, therefore the whole proceedings are void, for want of jurisdiction. Sec. 39 of the Act of 1856 gives the Board power to lay out and open *new* streets within the former corporate limits of the city, and west of Larkin and south-west of Johnson streets. Sec. 40, as amended in 1859, gives them power, "when any street is located," to order it graded. This evidently applies to all located streets, whether new or old, and this point, therefore, is not tenable.

The judgment of the Court below is reversed, the order sustaining the demurrer is set aside, and the defendant is allowed ten days, from the service of a notice of the filing of the *remittitur* in the Court below to answer the complaint.*

---

* *Houston* v. *Louis et al.* and *Houston* v. *Gautier et al.*, involving the same questions were decided at the same term upon the authority of the foregoing case, and like orders made therein.