JOHN W. SARGENT, Respondent, v. MARTIN PRAGG, Appellant.

No. 342; March 6, 1864.

**Partnership—Right of Surviving Partner to Extend Time.—** It is competent for a surviving partner, closing up the affairs of the firm, to extend an outstanding contract made with the partnership, where such extension seems to him for the interest of the business so being closed up.

C. H. Parker for respondent; Spencer, Reichert & Garber for appellant.

For Opinion on Rehearing, see next page.

SAWYER, J.—This is an action upon a contract for grading a street in San Francisco. The contract was made under the act of 1856 as amended by the act of 1859, and the rights of the parties accrued under those acts. The assessment was levied upon a valuation of the property. Most of the points relied on were raised and decided in Colin v. Seamen and Houston v. McKenna, 22 Cal. 550. We do not feel called upon to reinvestigate the questions as to the powers of the superintendent of streets decided in those cases. The only question raised not determined in those cases is that Sargent, the surviving partner of Martin & Sargent, had no power to bind the firm by stipulation for an extension of time. There is no force in this point. Sargent was the surviving partner, and was empowered to close up the affairs of the firm. An extension of time might have been necessary to prevent a breach of the contract, and to protect the interest of his deceased partner as well as his own. At all events it was competent for Sargent to stipulate for an extension. If he has mismanaged the affairs of the late firm in his hands, he may be liable to the estate of Martin, but the defendant has no cause of complaint.

Judgment affirmed on the authority of the case cited.

We concur: Sanderson, C. J.; Shafter, J.; Currey, J.

August 19, 1865.

SAWYER, J.—The first point made on petition for rehearing has been determined against petitioner in Emery v. San Francisco Gas Co. [28 Cal. 345], and the principles of that case must control this. Besides the assessment in this case was made according to value.

As to the second point, the state of facts disclosed by the record does not present the question. If it did, the point was not even suggested on the former hearing, and we should not, unless under very extraordinary circumstances, grant a rehearing to enable an appellant, after being defeated on his chosen ground, to renew the contest upon other points not before brought to the attention of the court or the respondent.

Rehearing denied.

We concur: Shafter, J.; Sanderson, C. J.; Currey, J.