[S. F. No. 11426. In Bank.—October 18, 1927.]

W. M. JEFFREYS, Respondent, v. POINT RICHMOND CANAL AND LAND COMPANY (a Corporation) et al., Defendants; MINTZER ESTATE COMPANY (a Corporation), Appellant.

[1] STREET IMPROVEMENT ACT OF 1911—AMENDMENT OF 1921—NONAPPLICATION TO BONDS PREVIOUSLY ISSUED—CONSTITUTIONAL LAW—STATUTORY CONSTRUCTION.—The amendment of 1921 to the Street Improvement Act of 1911 would be unconstitutional if construed to apply to bonds outstanding and unpaid at the date of the amendment, but issued prior thereto, and as it is possible to

construe it in a manner which will render it legal and operative and not unconstitutional and void, it is the duty of the court to place the latter construction upon the amendment.

[2] ID.—RIGHTS OF PROPERTY OWNERS—RETROACTIVE LAW—REMEDIES. The rights of property owners against whose property assessments were levied and bonds issued under the Improvement Act of 1911 prior to the amendment of 1921 became vested under a statute which did not render them subject to any suit whatever in any court at the hands of the bondholders; and while the legislature had power to make retroactive a law relating purely to a remedy, it could not alter the substantive rights of the property owners or their successors in interest; and although said amendment nominally aimed solely at providing a remedy, it, in fact, changes a substantive right of the property owner and, therefore, impairs, to the detriment of the property owner, the contract rights which became fixed when the street proceedings were taken and the bonds issued.

---

(1) 12 C. J., p. 788, n. 1.   (2) 12 C. J., p. 1015, n. 86, 87.

APPEAL from a judgment of the Superior Court of Contra Costa County. A. B. McKenzie, Judge. Reversed.

The facts are stated in the opinion of the court.

McCutchen, Olney, Mannon & Greene and John F. Cassell for Appellant.

Rufus H. Kimball and A. F. Bray for Respondent.

Ernest A. Wilson and George W. Crouch, *Amici Curiae.*

LANGDON, J.—Plaintiff sued as the purchaser for value of over two hundred street bonds issued by the city of Richmond in the year 1917 under the Street Improvement Act of 1911 (Stats. 1911, p. 730). Judgment went for the plaintiff for the amount prayed and also for the foreclosure of separate liens upon the lots involved. The defendant Mintzer Estate Company was the owner of a mortgage upon the property upon which the bonds were a prior lien, and said company is the only defendant who has appealed from the judgment.

The facts are undisputed. The appellant is the holder of two promissory notes from the owner of the lots involved, which were secured by a mortgage on the lots and which

were taken in the year 1920, subsequent to the issue and delivery of all the bonds and at a time when the owner of the lots was in the hands of a receiver. Both notes were taken by the appellant to secure payment of a past due indebtedness and both the notes and the mortgage were taken at a time when the corporation debtor was insolvent.

No question is raised on this appeal affecting the validity of the proceedings under the Street Improvement Act by which the bonds were issued and no suggestion is made that the work, in payment for which the bonds were issued, was not properly done in accordance with the contract.

The action was brought in 1923. Between the date of the issuance of the bonds in 1917 and the commencement of the action the act under which the bonds were issued had been amended (Stats. 1921, p. 297), providing for foreclosure proceedings in court in the event of default in payment of principal or interest. Prior to this amendment, the Street Improvement Act provided two distinct remedies against the delinquent property owner—first, a summary sale of the property by the city treasurer on demand of the bondholder, and, second, a foreclosure of the lien of the assessment at the suit of the contractor. By the amendment to section 76 of the act made in 1921 it was expressly provided that "by way of a separate, distinct and cumulative remedy, the holder of any bond . . . may file and maintain a suit to foreclose the lien of the bond in the same manner provided in this act for the foreclosure of the lien of delinquent assessments." The amendment also provided for a simple method of pleading and proof in such cases, for substituted service of process where the lot owner could not be found, for the foreclosure of the lien of the bond, and for attorney's fees and costs. The right of redemption of the property after sale was preserved "as in other cases."

It is contended upon the appeal (1) that the amendment of 1921 is not retroactive and was not intended to apply to bonds issued before its enactment, and (2) if the amendment is retroactive, it is unconstitutional in that it impairs the obligation of a contract. While the language is somewhat general and does not specifically refer to existing bonds, it does purport to give a remedy to "the holder of any bond." This may well apply to bonds outstanding and

unpaid as well as those issued in the future. However, we are of the opinion that to so construe the amendment would render it inoperative as impairing the obligation of a contract.

In the case of *Chapman* v. *Jocelyn,* 182 Cal. 294 [187 Pac. 962], it was held that: "A street assessment is a contract and the provisions of the statute in force at the time prescribing the manner of its enforcement are a part of such contract. (*Creighton* v. *Pragg,* 21 Cal. 115; *Houston* v. *McKenna,* 22 Cal. 553.) The bond issued upon such assessment, by reason of the failure of the owner to pay the same within the thirty days allowed to the contractor for the work to collect the same, must, therefore also constitute a contract. . . . The Constitution forbids the passage of a law impairing the obligation of a contract. (Art. I, sec. 16.) It follows that a law enacted after such contract is made and which materially alters the remedy of the bondholder to enforce his lien by means of a sale, or the rights of the owner under the law existing at the time the bond was issued, cannot apply to previous contracts and can have only a prospective effect. (*Houston* v. *McKenna, supra.*) The case in this aspect is not distinguishable from *Welsh* v. *Cross,* 146 Cal. 621 [106 Am. St. Rep. 63, 2 Ann. Cas. 796, 81 Pac. 229], wherein it was held that a law extending the time for redemption from a foreclosure sale impaired the obligation of a mortgage executed before its enactment."

The case of *Johnson* v. *Taylor,* 150 Cal. 201 [119 Am. St. Rep. 181, 10 L. R. A. (N. S.) 818, 88 Pac. 903], is also authority for the general proposition that the law in force at the time of a sale for taxes regulates the right of redemption therefrom, and it is not within the power of the legislature to take away that right or prejudicially to affect it, by subsequent legislation. In that case the court quoted from an earlier case (*Teralta Land etc. Co.* v. *Shaffer,* 116 Cal. 518 [58 Am. St. Rep. 194, 48 Pac. 613]), the following language: "The right of property acquired by the purchaser at this sale and the right of redemption remaining to the owner must both be governed by the law in force at the time of sale. Neither, in our judgment, could be either abridged or enlarged by subsequent legislation. This is unquestionably so as to the right of the purchaser. The same rule ought to apply in favor of the owner as against any statute

shortening the time to redeem, as it is equally unjust to legislate against the owner of the land as in his favor.''

[1]   Since we have reached the conclusion that the amendment in question would be unconstitutional if construed to apply to bonds outstanding and unpaid at the date of the amendment, but issued prior thereto, and since it is possible to construe it in a manner which will render it legal and operative and not unconstitutional and void, it is our duty to place the latter construction upon the amendment.

[2]   The rights of property owners against whose property assessments were levied and bonds issued under the ''Improvement Act of 1911'' prior to the amendment of 1921 became vested under a statute which did not render them subject to any suit whatever in any court at the hands of a bondholder.   While the legislature had power to make retroactive a law relating purely to a remedy, it could not alter the substantive rights of the property owners or their successors in interest.   The amendment we are considering, although nominally aimed solely at providing a remedy, in fact, changes a substantive right of the property owner and, therefore, impairs, to the detriment of the property owner, the contract rights which became fixed when the street proceedings were taken and the bonds issued.

The judgment appealed from is reversed.

Curtis, J., Shenk, J., Richards, J., Waste, C. J., and Seawell, J., concurred.

Rehearing denied.

Preston, J., dissented.