**GRAY et al. v. CITY OF SANTA FÉ, N. M.**
No. 2821.

District Court, D. New Mexico.
July 8, 1936.

Myles P. Tallmadge, of Denver, Colo., and Wilson & Watson, of Santa Fé, N. M., for plaintiffs.

C. R. McIntosh and J. O. Seth, both of Santa Fé, N. M., for defendant.

BRATTON, Circuit Judge.

The case is pending on demurrer to the complaint. The complaint is in two causes of action. The first relates to paving bonds issued by the city in 1922. After taking all required preliminary steps, the city issued bonds in the sum of $167,000, of which $117,500 and all interest on all bonds to August 1, 1933, have been paid. The remaining bonds in the sum of $49,500 and interest thereon since the date just mentioned are unpaid. Plaintiffs own $32,500 of them. The unpaid assessments against abutting property within the improved district amount to $26,500. Plaintiffs have no information on which to predicate a belief concerning the cause of the difference in the amount of the unpaid bonds and the amount of the uncollected assessments. No act of the city causing it or contributing to its cause is set forth. The second cause of action concerns paving bonds issued by the city in 1923. They were in the sum of $155,000, of which $81,500 are outstanding, and plaintiffs own $51,000 of them. The uncollected assessments amount to $47,500. In like manner, plaintiffs have no information respecting the excess of the unpaid bonds over the uncollected assessments, but no act of the city is set forth which caused it or contributed to its cause.

It is alleged in each cause of action that the plan which the ordinances provided for the payment of the bonds at maturity was that in the event of default or delinquency in the payment of any of the assessments, the city would promptly enforce payment through foreclosure and purchase of the property at the sale if no other purchaser was present; that the city failed, neglected, and refused to thus enforce delinquent assessments and provide a fund with which to pay the bonds as it was obligated to do. Predicated upon such breach, recovery is sought against the city for the full amount of the bonds in suit, both principal and accrued interest.

These bonds are not general obligations of the municipality. They are special obligations payable exclusively out of the funds derived from the special assessments against abutting property within the district. It is not alleged that the proceedings which antedated their issuance were either invalid or irregular. It is not contended that the city refused to make reassessments or to do anything else requisite to the fixation of a valid lien against the property. Neither is it urged that the city wrongfully diverted any money collected from the assessments to other use. The essence and scope of the cause of action is that the city obligated itself to enforce collection of the assessments; that its failure to do so constituted a breach of contract which renders it liable; and that the measure of the liability is the full amount of the bonds.

The city was clothed with power to obligate itself to make collection of the assessments for the benefit of the bondholders. In making collection it acted as trustee for them. Hodges v. City of Roswell, 31 N.M. 384, 247 P. 310; State v. City of Carlsbad, 39 N.M. 352, 47 P.(2d) 865. The alleged failure and refusal to enforce collection, which is admitted by the demurrer, constituted a breach of that

obligation. But the uncollected assessments are intact and the liens securing them are neither impaired nor destroyed. A deficit in their amount is alleged, but it is not charged that the city caused it or contributed to its existence.

■■ It is expressly provided by chapter 133, Laws N.M.1923, that if the governing body of a municipality fails or refuses to enforce such a lien, the holder or holders of any bond or bonds may do so in the manner then provided by law for the foreclosure of mortgages on real estate. Section 90-1701, New Mexico Statutes 1929. That statute was in force when the bonds were issued in 1923. It is remedial in nature and does not impair the obligation of the contract. It therefore has application to the bonds of 1922, although they were issued prior to its enactment. Dakota Central Telephone Co. v. Mitchell Power Co., 45 S.D. 462, 188 N.W. 750; Stratton v. Sioux Falls Traction System, 49 S. D. 113, 206 N.W. 466; Berry v. Kansas City, Ft. S. & M. R. Co., 52 Kan. 759, 34 P. 805, 39 Am.St.Rep. 371; Atchison, T. & S. F. R. Co. v. Napole, 55 Kan. 401, 40 P. 669; Public Service Electric Co. v. Post (C.C.A.) 257 F. 933; Oshkosh Waterworks Co. v. Oshkosh, 187 U.S. 437, 23 S.Ct. 234, 47 L.Ed. 249; National Surety Co. v. Architectural Co., 226 U.S. 276, 33 S.Ct. 17, 57 L.Ed. 221; Bernheimer v. Converse, 206 U.S. 516, 27 S.Ct. 755, 51 L. Ed. 1163. A contrary rule is enunciated in Jeffreys v. Point Richmond C. & L. Co., 202 Cal. 290, 260 P. 548. But I am unable to agree with it. In addition to their right to foreclose the liens in the manner authorized by the statute, plaintiffs may mandamus the city to compel it to take appropriate steps to enforce them in compliance with its obligation under the contract.

To subject the city to a personal judgment for breach of the contract in the manner prayed would be the equivalent of converting the special bonds into primary obligations; and it would require the city to suffer the difference between the amount of the unpaid bonds and the amount of the uncollected assessments, without any showing that it is responsible in whole or in part for that difference. The latter consequence would necessarily follow because the power of reassessment exists only when an assessment has been annulled or declared void by a court. Sections 90-1301 to 90-1306, N.M.Statutes 1929.

■ In view of the existence of a valid and enforceable lien against the abutting property, the absence of any diversion of funds available for payment of the bonds, the absence of any act on the part of the city which caused or contributed to the cause of the asserted deficit in the amount of the uncollected assessments to pay the outstanding bonds, the right of plaintiffs to maintain foreclosure suits in their own names or to mandamus the city to compel enforcement of such liens, it would violate every dictate of the general policy under which special obligations of this kind are widely issued to subject the municipality to a personal judgment for the full amount of such bonds. Powell v. City of Ada, Okl. (C.C.A.) 61 F.(2d) 283; Blanchar v. City of Casper (C.C.A.) 81 F.(2d) 452; Capitol Heights v. Steiner, 211 Ala. 640, 101 So. 451, 38 A.L.R. 1264; Gagnon v. City of Butte, 75 Mont. 279, 243 P. 1085, 51 A. L.R. 966, and cases collated in the appended notes.

The recent case of City of McLaughlin, S. D., v. Turgeon (C.C.A.) 75 F.(2d) 402, on which plaintiffs place strong reliance, is distinguishable. There the city obligated itself to cause the special assessments to be collected and paid into the fund to be used for their payment. The city auditor was required by law to certify all delinquent assessments to the county auditor. The county auditor in turn certified them to the county treasurer whose duty it became to collect them as other taxes were collected. The city auditor made an improper certificate for the years 1921 and 1922, and he failed to make any for the years 1923 to 1930, inclusive. There was no provision in South Dakota authorizing reassessment for the correction of such an omission. It was held that the default rendered it impossible to collect the assessments through bidders at tax sale and that in consequence the city was liable. No comparable facts are present here. The city has not done anything or failed to do anything which renders the collection of the unpaid assessments impossible. Repeating, they are existent and may be collected.

It may be that when plaintiffs shall have taken steps to foreclose the liens in their own names, or to mandamus the city to compel it to enforce them, the city will be liable for the necessary and reasonable expenses incurred and perhaps other ele-

ments of damages; but that question is not presented now and need not be decided. It is enough to say that in my opinion the city is not presently liable in the amount of the principal and interest due upon the bonds as a result of the asserted breach. Accordingly, the demurrer will be sustained.