[Civ. No. 2127. Fourth Appellate District.—January 17, 1938.]

E. PERRY CHURCHILL, Respondent, v. TITLE INSURANCE AND TRUST COMPANY (a Corporation), Appellant.

P. Talbot Hannigan and Francis P. Harrington for Appellant.

Musick & Burrell, Clayton Straub and James E. Bednar for Respondent.

BARNARD, P. J.—This is an action by a bondholder to foreclose a number of street improvement bonds issued on November 22, 1929, as payment for work done on certain streets or roads in the county of Orange. A demurrer to the complaint was overruled, an answer was filed and a trial was had followed by a judgment in favor of the plaintiff, from which one of the defendants has appealed.

Among other things, the complaint alleges that the bonds were issued by virtue of the County Improvement Act of 1921 (Stats. 1921, p. 1658) and all acts incorporated therein

including particularly the Street Improvement Act of 1911. It is then alleged that the bonds were in certain named amounts with interest at 6 per cent payable at the time and in the manner specified therein; that the bonds represented the cost of certain street work as more fully described in a certain assessment and diagram which is referred to; that the bonds are a lien upon certain described real property belonging to the appellant; that the bonds are in default in certain respects which are set forth; that the plaintiff has elected to declare the whole amount of the principal of said bonds due and payable; that certain penalties have accrued; and that written notice and demand that payment be made within thirty days had been served. Copies of the bonds, including copies of the coupons, are attached to the complaint.

At the trial the respondent introduced the bonds in evidence with proof that they had been signed and issued by the then county treasurer, introduced a certificate of the present county treasurer and oral evidence showing what payments had been made upon the bonds and what payments therein provided for were delinquent, and made proof of the service of a notice and demand for payment and the filing of a *lis pendens*. In presenting its case the appellant introduced in evidence a resolution of the board of supervisors ordering the work which has resulted in the issuance of the bonds, which resolution ordered the work done under the direction of ''Nat H. Neff, a County Employee of said County, to wit, the Superintendent of Highways'', and that the materials used ''shall comply with the specifications and be to the satisfaction of said Nat H. Neff, instead of the County Surveyor of said County.''

The first point raised by the appellant is that the complaint was insufficient in that it failed to allege the passage of a resolution of intention, the making of surveys, maps and estimates, a resolution awarding work, the performance of the work, and the making of the certificates and assessments required by the Improvement Act of 1911 and the County Improvement Act of 1921.

This is an action to foreclose the lien of a street bond, as distinguished from an action to foreclose the lien of an assessment, under a new and cumulative remedy given to the holder of such bonds by an amendment in 1921, and continued in the provisions of section 76a of the Street Im-

provement Act of 1911 as amended in 1929. (Stats. 1929, p. 1305.) A simplified method of pleading and proof in such cases was furnished by these amendments (*Jeffreys* v. *Point Richmond Canal etc. Co.*, 202 Cal. 290 [260 Pac. 548]) and section 76a then provided that ''The complaint in such suit shall be sufficient if a true copy of the bond be therein set forth and appropriate allegations made therein regarding the payments made upon the principal and interest of such bond. If personal demand for payment be made as herein provided the complaint shall so allege''. With respect to the proof required that section also provided: ''The said bond, together with proof either orally by the said treasurer of the said city or by a certificate signed by him showing the nonpayment of any of the principal or interest upon said bond shall be *prima facie* evidence of the right of the plaintiff to recover in said action; provided, that if personal demand for payment be made proof of service of the demand as herein provided shall be required.'' The complaint here complied with the requirements of this statute as did the respondent's proof, and a *prima facie* case was made out under the terms of the statute. The *prima facie* case thus made out was not met by the appellant and no attempt was made at the trial or is here made to show that the necessary jurisdictional steps had not been taken. (See, *Chase* v. *Trout*, 146 Cal. 350 [80 Pac. 81].) In so far as anything here brought to our attention is concerned the complaint was sufficient. The questions of evidence raised by the appellant will be hereafter considered.

It is next contended that the bonds in question were improperly received in evidence because it appears upon their face that the rate of interest had been changed from 7 per cent to 6 per cent. It appears that a printed form of bond was used in which, in the provision relating to interest, the word ''seven'' was deleted by a red typewritten line and the word ''six'' was inserted in red type. We think any burden resting upon the respondent was sufficiently met and that the bonds were properly admitted in evidence for several reasons. (See Code Civ. Proc., sec. 1982.) Where a printed form is used and an alteration is made in the printed matter the presumption is that it was made prior to the execution of the contract. (*Corcoran* v. *Doll*, 32 Cal. 82.) The question as to whether the instrument ''appears'' to have been

altered after execution is in the first instance one for the trial judge and his conclusion should be accepted by an appellate court in the absence of anything in the record showing that his judgment was improperly exercised. (*Meyer* v. *Lovdal*, 6 Cal. App. 369 [92 Pac. 322].) The appellant makes no contention that these bonds were in fact altered after execution and delivery, but rests entirely on the contention that the alteration was not sufficiently explained. Not only was a printed form thus changed but the amounts set forth in the interest coupons disclose that the semi-annual interest payments were computed at 6 per cent, which rather conclusively shows that the alteration was made before the bonds were delivered. The bonds were examined by the trial judge and a deputy treasurer testified that she saw these bonds in the treasurer's office when they were issued and that she believed that the alteration had been made when she first saw them and before they were delivered to the contractor. It may be further observed that the introduction of the bonds into evidence was objected to on this ground when they were first offered, that thereafter the bonds were examined by the trial judge and the evidence referred to was received after which they were admitted with no further objection or motion to strike. Under these circumstances if the appellant believed the evidence offered to meet his objection to have been insufficient for that purpose he should have renewed his objection when the bonds were again offered in evidence.

The only other point raised is that the judgment is erroneous because the resolution ordering the work did not comply with the statutes in that it ordered the work done under the direction of the superintendent of highways, it being further argued that it does not appear that such person is an engineer or that he might lawfully act as the surveyor's substitute. Section 1 of the County Improvement Act, as in force at the time here in question (see Stats. 1925, p. 729), provides that the board of supervisors may appoint "an engineer of work, in which event the duties to be performed by the city engineer as set forth in the Improvement Act of 1911, shall be performed by said engineer of work" and that the board may provide that the work shall be done "under his direction and to his satisfaction and that the materials used shall comply with the specifications and

be to the satisfaction of such engineer of work instead of said county surveyor and may provide that he shall make and sign the assessment instead of the county surveyor''. In the resolution ordering the work here in question the board of supervisors stated that they desired the work to be done under the direction of the superintendent of highways, and in directing the work to be so done the resolution substantially follows the language used in section 1 of the act, as above referred to. What is an engineer of work is not defined by the statute, but it rather conclusively appears that the board attempted to comply with that provision of the statute and nothing in the record before us indicates that the person appointed had not the necessary qualifications, and the appellant does not even contend that such is the fact. We therefore hold that this point is without merit.

For the reasons given the judgment appealed from is affirmed.

Marks, J., concurred.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on March 17, 1938.