[Civ. No. 2122. Fourth Appellate District.—January 17, 1938.]

E. PERRY CHURCHILL, Respondent, v. TITLE INSURANCE AND TRUST COMPANY (a Corporation), Appellant.

P. Talbot Hannigan and Francis P. Harrington for Appellant.

Musick & Burrell, Clayton Straub and James E. Bednar for Respondent.

BARNARD, P. J.—This is an action by a bondholder to foreclose a number of street improvement bonds issued on March 12, 1931, as payment for work done on certain streets or roads in the county of Orange.

Among other things, the complaint alleges that the bonds were issued by virtue of the County Improvement Act of 1921 (Stats. 1921, p. 1658) and all acts supplementary thereto, incorporated therein by reference, and amendatory thereof, including particularly the Street Improvement Act of 1911, as then existing. It is then alleged that the bonds were in certain named amounts with interest at 6 per cent, payable at the time and in the manner specified therein; that the bonds represent the cost of certain street work as more fully described in a certain assessment and diagram which is referred to; that the bonds are a lien upon described real

property belonging to the appellant; that the bonds provide for interest on certain named dates and annually thereafter; that the bonds were in default in interest due on January 2, 1932; that no interest payments coming due after that date have been paid; that the bonds are further in default in that the principal payments due on January 2, 1932, have not been paid and no principal payments subsequently coming due under the terms of the bonds have been paid, although demand has been made; and that copies of the respective bonds are attached to the complaint. The copies of the bonds thus set forth do not include copies of any of the coupons representing the serial payments of either principal or interest, but each bond is substantially in the form suggested in section 63 of the Street Improvement Act of 1911. (Deering's Gen. Laws, 1931, Act 8199.) These bonds, as thus shown, fully disclose the due date and amount of each payment of principal and interest, and state that the respective payments are to be made upon presentation of coupons which are attached thereto. After setting forth what payments on these bonds are in default the complaint proceeds to allege that the holder has elected to and does declare the whole amount to be due and payable, that certain penalties have accrued, and that written notice and demand had been served on the appellant more than thirty days before the commencement of the action with notice of the delinquency and that foreclosure suit would be brought unless the appropriate amounts were paid within thirty days.

The complaint was personally served on the appellant and no appearance having been made, its default was entered. After a hearing a decree of foreclosure and order of sale were entered, followed by a judgment. ▆ This appeal, which followed, is presented on the judgment roll alone and the only question raised is whether the complaint states facts sufficient to constitute a cause of action. The appellant attacks the complaint in one respect only, contending that the failure to set forth copies of the coupons which were attached to the bonds renders the complaint insufficient as not complying with the provisions of section 76a of the Street Improvement Act of 1911, as then existing.

Section 76a of that act as added by amendment in 1929 (Stats. 1929, p. 1305) continued a new and cumulative remedy given to the holder of such bonds by an amendment in

1921, including a simplified method of pleading and proof in such cases. (*Jeffreys* v. *Point Richmond Canal etc. Co.*, 202 Cal. 290 [260 Pac. 548].) Among other things, section 76a then provided that "The complaint in such suit shall be sufficient if a true copy of the bond be therein set forth and appropriate allegations be made therein regarding the payments made upon the principal and interest of such bond. If personal demand for payment be made as herein provided the complaint shall so allege." It also provided: "The said bond, together with proof either orally by the said treasurer of the said city or by a certificate signed by him showing the nonpayment of any of the principal or interest upon said bond, shall be *prima facie* evidence of the right of the plaintiff to recover in said action; provided, that if personal demand for payment be made proof of service of the demand as herein provided shall be required." This appeal being upon the judgment roll alone all intendments and presumptions are in favor of its validity and if any matters could have been presented to the trial court which would have authorized its entry it will be presumed, in support thereof, that such matters were presented and that the judgment was entered in accordance therewith. (*Caruthers* v. *Hensley*, 90 Cal. 559 [27 Pac. 411].)

 It may be conceded that this complaint is not a model and that it would be better pleading to also set forth copies of the coupons, at least of those which had not yet been paid, but no demurrer was interposed, no appearance was made by the appellant and no record of the evidence is before us. Under section 4½ of article VI of the Constitution a judgment may not be reversed because of any error in the pleadings unless a miscarriage of justice appears.

The respondent argues that it appears from the language used that section 76a of this act contemplates the setting forth of a copy of the bond itself without intending that copies of the coupons should be included. Some support for this theory is found in those portions of this act which relate to the issue of bonds, their collection and the foreclosure of the liens represented thereby. Section 63 of the act purports to set forth a form for such bonds but gives no form for the coupons. A number of these sections refer only to the bonds or to the coupons alone, while others refer to both. Throughout these sections the coupons are mentioned in connection

with payments to be made to the treasurer and also in the provisions for a sale of the land by the treasurer on the demand of the holder of the bond. In either of these cases it is not to be presumed that the treasurer would have the original bond in his possession. The coupons are drawn, however, on the assumption that they will be paid when due and that the amounts named therein will thus be the correct amounts. At the time a foreclosure suit is filed in accordance with the provisions of section 76a certain penalties have attached, the coupons no longer correctly state the amounts due, and the bond itself, presumably in the possession of the plaintiff, more fully discloses the extent of the obligation. It may be that the legislature had these facts in mind and that it was intended, in providing for a simplified procedure, to approve the sufficiency of a complaint which sets forth a copy of the bond alone, without its coupons. Under the circumstances here appearing we do not feel called upon to decide the question thus suggested.

It will be noted that section 76a does not definitely and affirmatively require that any copy of the bond, whether accompanied by copies of the coupons or not, be set forth in the complaint. While it is provided that a complaint is sufficient which sets forth a copy of the bond, with certain allegations, the suggested form of pleading is not made mandatory or exclusive. In providing this additional remedy for a bondholder the intention was to provide for a somewhat simplified procedure and to this end it was provided that it should be sufficient to set forth a copy of the bond with certain other allegations. It does not follow that a complaint is necessarily insufficient if a copy of the bond is not set forth, much less if the copy of the bond is incomplete in that the attached coupons are not included. If the same facts which would be made to appear by setting forth the bond with its coupons and by making the required allegations are made to appear by the allegations of the complaint and the copy of the bond itself, although copies of the coupons are not included, the purpose and intent of the statute would seem to be complied with. In the absence of anything to the contrary in the statute general rules apply and such a complaint is also sufficient.

In the instant case the complaint alleged all the facts that would have appeared had copies of the coupons also

been set forth and in the absence of a demurrer or appearance on the part of the appellant it must be held that as to it the complaint was sufficient to constitute a cause of action. In addition to other facts the appellant was fully advised by the complaint as filed, not only of the terms of these bonds but of the amounts and due dates of their respective coupons. No possible injury or prejudice to the appellant appears and it must be assumed on the present record that the evidence covered all matters which could affect the rights of the appellant or of any possible holders of any of the coupons.

For the reasons given the judgment appealed from is affirmed.

Marks, J., concurred.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on March 17, 1938.