[L. A. No. 21421. In Bank. Dec. 11, 1951.]

FRANK R. SIPE, Appellant, v. DELFINO CORREA et al.,
Respondents.

Robert E. Rosskopf, John F. Bender and Gizella M. Allen for Appellant.

David C. Marcus for Respondents.

Harold W. Kennedy, County Counsel, John D. Maharg, Deputy County Counsel, Solon S. Kipp, W. E. Starke, O'Melveny & Myers, Louis W. Myers, Sidney H. Wall and Ernest M. Clark, Jr., as Amici Curiae on behalf of Respondents.

SPENCE, J.—Plaintiff brought this action for "partition and declaratory relief," asserting the lien of two unforeclosed street improvement bonds against a certain parcel of realty. Defendants Correa had purchased the property at a tax sale, and claimed that the tax deed passed title to them free from the lien of the bonds. After judgment for defendants Correa, quieting their title against plaintiff and the other defendants, plaintiff appeals.

The issue here involves the validity of certain 1945 legislation relating to assessment liens as applied to the undisputed facts of this case. Plaintiff contends that the trial court erred in concluding that plaintiff's liens were no longer enforceable because of the legislation, and further erred in concluding that defendants Correa, as "bona fide purchasers for value" at the tax sale, were the "owners in fee" of the property. It appears, however, that plaintiff's contention cannot be sustained, and that the challenged judgment should be affirmed.

Plaintiff owns two 10-year bonds issued under the County

Improvement Act of 1921 (Stats. 1921, ch. 872, p. 1658), respectively dated July 19, 1928, and January 29, 1931, on which the sums of $93.15 and $393.79 are due. The property became delinquent for county taxes in the fiscal year 1930-1931. It was sold to the state in 1931, and was deeded to the state in 1936. The bonds matured in 1938 and 1941, respectively, while title was in the state. Defendants Correa purchased the property at a tax sale for $380, the tax deed being dated March 17, 1947. This action was commenced on June 18, 1947.

Plaintiff contends that the title conveyed by the state was subject to the parity lien of his bonds, and that although the lien was no longer enforceable in 1947 through foreclosure proceedings because of the running of the statute of limitations, the parity principle operated to sustain the availability of this partition action. (Code Civ. Proc., § 752; *Elbert, Ltd.* v. *Nolan,* 32 Cal.2d 610 [197 P.2d 537].) This precise point was decided adversely to plaintiff's position in an opinion this day rendered, *Scheas* v. *Robertson,* L. A. No. 21357, *ante,* p. 119 [238 P.2d 982], wherein the rule of the Elbert case was declared to have been changed by the complete revisory plan of the 1945 legislation. (Stats. 1945, ch. 360, § 1; ch. 361, § 1.) It was there decided that a purchaser after January 1, 1947, could be a "bona fide purchaser for value," and, as such, entitled to the conclusive presumption that the lien had been extinguished upon the expiration of the statutory period, where, although he had knowledge of the recorded status of the bond, he had no actual knowledge that the lien still existed as a subsisting obligation against the property. ▮ It appears here that defendants Correa first learned of the existence of plaintiff's bonds in June, 1947, about the time this action was commenced, some three months after the date of the tax sale. Accordingly, defendants Correa correctly assert that they acquired the property as bona fide purchasers for value, and that they are entitled to the benefit of the conclusive presumption that plaintiff's liens had been extinguished.

Plaintiff contends that the 1945 amendment to section 2911 of the Civil Code may not be constitutionally applied here so as to bar the present partition action, because plaintiff had no prior effective opportunity to bring such an action. ▮ Under the sovereign immunity rule (Cal. Const., art. XX, § 6), plaintiff could not bring an action in partition as long as the state held title to the property. Since the property

was not deeded to defendants Correa until after the period established by the 1945 amendment had expired, plaintiff claims that the application of the amended section 2911 here would constitute a denial of due process. It appears, however, that this constitutional objection is without merit.

Plaintiff had no vested right. in the remedy of partition as a means of enforcing the lien of his bonds issued in 1928 and 1931. ██ That remedy was first provided in 1943 by amendment of section 752 of the Code of Civil Procedure, and was in addition to other remedies previously and then existing. This 1943 amendment conferred no substantive rights, and did not guarantee the perpetual enforceability of any unforeclosed liens existing at that time. As a remedy created solely by statute, and dependent upon the statute alone, it was subject to abolishment by the Legislature. (*Callet* v. *Alioto*, 210 Cal. 65, 67-68 [290 P. 438], and cases cited; *Coombes* v. *Franklin*, 213 Cal. 164, 166 [1 P.2d 992, 4 P.2d 157]; cf. *Carpenter* v. *Pacific Mut. Life Ins. Co.*, 10 Cal.2d 307, 335 [74 P.2d 761].) Therefore, the fact that plaintiff could not pursue the remedy of partition as against the state during the years it held title to the property will not sustain a constitutional objection of lack of due process.

██ In any event, plaintiff could have preserved his right to seek partition against the ultimate purchaser by tax deed from the state if he had taken proper steps to perfect his liens and carry them into title before the expiration of the time limits specified in the 1945 legislation creating a 15½ months' period of grace. (September 15, 1945, to January 1, 1947.) After default on the bonds, and during the period the state held title to the property, plaintiff, by reason of the parity existing between the bond and tax liens, could have demanded that the county treasurer sell the property. Sts. & Hy. Code, § 6500 et seq.; *La Mesa Lemon Grove & Spring Valley Irr. Dist.* v. *Hornbeck*, 216 Cal. 730, 732 [17 P.2d 143].) Then if plaintiff or some other person had bought the property at such sale, the liens of the bonds would have been carried into title to establish a tenancy in common with the state, as holder of the tax title, under the parity principle declared in *Monheit* v. *Cigna*, 28 Cal.2d 19, 27 [168 P.2d 965, 167 A.L.R. 995]. As such tenant in common, the plaintiff or other purchaser would have avoided the conclusive presumption of extinction of liens as provided in the 1945 legislation, and would have been in a position to seek

partition when the property was acquired from the state by a private purchaser such as defendants Correa.

This procedure would have satisfied the purpose of the 1945 legislation, which was designed to give certainty, finality and security to land titles. (*Rombotis* v. *Fink*, 89 Cal. App.2d 378, 389 [201 P.2d 588].) Plaintiff would have placed his claim on record by his application for sale by the county treasurer. The identity of the purchaser at the sale would likewise have been a matter of record, and the difficulty of discovering and locating holders of stale bond liens or claims based thereon would have been eliminated. A subsequent tax deed purchaser from the state would, therefore, have been in a position to ascertain that a bond lien was still being asserted against the property, and could have sought partition or attempted to quiet title. A purchaser at the treasurer's sale, having carried his lien into title, would have had the same relief of partition open to him within a reasonable time. (See *Akley* v. *Bassett*, 189 Cal. 625, 647-648 [209 P. 576].)

In addition to partition, plaintiff had a remedy of foreclosure through judicial action. It is true that the plaintiff could not have foreclosed the bond liens against the tax title held by the state because of the sovereign immunity doctrine, and because of the parity existing between the state's tax title and plaintiff's bond liens. (*Rombotis* v. *Fink*, *supra*, 89 Cal.App.2d 378, 393.) However, plaintiff could have foreclosed his bond liens against the former owner's right of redemption within four years after the maturity of the bonds in 1938 and 1941. (Rev. & Tax. Code, § 4101; *People* v. *Maxfield*, 30 Cal.2d 485, 487 [183 P.2d 897].)

While the holder of the fee is an indispensable party to a foreclosure action seeking to bind his interest in the property (*Lee* v. *Silva*, 197 Cal. 364, 368, 375 [240 P. 1015]), a valid judgment of foreclosure may be had against other persons interested in the property without joining the owner of the fee. (*District Bond Co.* v. *Pollack*, 19 Cal.2d 304, 306 [121 P.2d 7].) Upon foreclosing against the former owner's right of redemption, plaintiff either would have had the bond liens satisfied or would have stepped into the shoes of the former owner, in which latter case he could have redeemed the property from the state at any time prior to the tax sale.

It follows that the 1945 legislation in question is constitutionally applicable to plaintiff's bonds so as to preclude his

maintenance of the present partition action, and that defendants Correa were entitled to have their title quieted against plaintiff's asserted claims.

The judgment is affirmed.

Gibson, C. J., Shenk, J., Edmonds, J., Carter, J., Traynor, J., and Schauer, J., concurred.