[Civ. No. 18307.  Second Dist., Div. Three.  Dec. 28, 1951.]

ELBERT, LTD. (a Corporation), Respondent, v. CITY OF LONG BEACH (a Corporation), Appellant.

Irving M. Smith, City Attorney, and Joseph B. Lamb, Assistant City Attorney, for Appellant.

John F. Bender and Gizella M. Allen for Respondent.

VALLÉE, J.—Appeal by defendant from a judgment for plaintiff entered when defendant failed to answer following the overruling of its demurrer to the complaint in a suit to foreclose the lien of a street improvement bond.

Plaintiff owns a street improvement bond issued by the city treasurer of defendant on December 18, 1923, under the Improvement Act of 1911. (Stats. 1911, p. 730; now Sts. & Hy. Code, §§ 5000-6794.) The bond was issued in the amount of $60.63, payable in nine annual installments commencing January 2, 1924, with semi-annual interest. The bond was in default in the sum of $60.63 principal, together with interest and penalties from January 2, 1924.

The property which became subject to the lien of the bond was delinquent for state and county taxes for the year 1909. It was sold to the state in 1910 and was deeded to the state in 1915. On May 21, 1948, the state sold the property to defendant. The complaint alleged that since May 21, 1948, defendant has been, and is now, the owner of the property, and that its interest is subordinate to the lien of the bond. It was not alleged that defendant was not a bona fide purchaser for value. The judgment found that all of the allegations of the complaint were true and decreed that the property be sold and that after the time allowed by law for redemption has expired, defendant be barred of all right in the property.

Defendant contends the lien of the bond was extinguished by virtue of the provisions of section 2911 of the Civil Code and, therefore, plaintiff did not exercise his right to foreclose within the time allowed by law.

Plaintiff argues that because the state was the owner of the property from 1915 to May 21, 1948, and the bond was issued in 1923, the lien of the bond was superior to the state's title and, therefore, would not come within the parity rule; that the owner of the property is an indispensable party to a proceeding to foreclose the bond; due to the fact that the state could not be sued in such proceeding, the commencement of the suit to foreclose the lien of the bond was tolled during the period the property was owned by the state; that, therefore, the suit was commenced in time. Plaintiff also claims that if section 2911 of the Civil Code is so construed as to prevent him from foreclosing the lien of his bond, it is unconstitutional.

In the recent case of *Scheas* v. *Robertson,* 38 Cal.2d 119 [238 P.2d 982], the Supreme Court held: (1) sale by the state to a purchaser of realty which the state had acquired at a sale for delinquent taxes passes its title to the purchaser and eliminates the right of redemption; (2) the amendment of Civil Code, section 2911, in 1945 established an absolute limitation of four years after the due date of the bond or the last installment thereof or the last principal coupon attached thereto or until January 1, 1947, whichever is later, for the enforcement of the lien of bonds issued under the Improvement Act of 1911, and is a valid statute of limitations; (3) notwithstanding the fact that the Improvement Act of 1911 and the contract under which the bond was issued stated that the lien of the bond was to continue until the bond was paid, the amendment of 1945 satisfied the requirements

of due process and did not impair the obligation of a contract; (4) the amendment of 1945 when applicable operates to prevent the holder of a street improvement bond issued under the Improvement Act of 1911 from enforcing his lien in any manner, whether the remedy pursued be a suit for partition or foreclosure; (5) the lien of a street improvement bond is presumed to have been extinguished at the expiration of the time stated in Civil Code, section 2911, and one who purchases the property after such time has expired need not ascertain whether any lien securing such bond was in fact extinguished but may rely on the presumption.

In *Sipe* v. *Correa,* 38 Cal.2d 131 [238 P.2d 989], decided the same day as the Scheas case, the same contention was made as is made here with respect to the constitutionality of Civil Code, section 2911. The court held that although the plaintiff could not bring an action for partition during the years the state held title to the property, he could have preserved his right by demanding, after default on the bond and while the state held title to the property, that the county treasurer sell the property; that he also could have foreclosed the lien of the bond against the former owner's right of redemption within four years after maturity of the bond; and that section 2911 was not subject to constitutional objection on the ground of lack of due process.

There is no merit in the argument that section 2911 is not applicable because there was no parity between the bond lien and the title held by the state. Assuming, without deciding, that there was no parity, section 2911 applies. The section makes no distinction between a lien when there is parity and when there is not. It applies to all liens to secure payment of a public improvement assessment. (*Scheas* v. *Robertson, supra,* 38 Cal.2d 119, 126.)

Since plaintiff's right to enforce the lien of the bond sued on expired on January 1, 1947, it follows that the action was not commenced within the time prescribed by Civil Code section 2911. The demurrer of defendant on that ground should have been sustained without leave to amend.

The judgment is reversed with directions to sustain the demurrer of defendant without leave to amend and to render judgment accordingly.

Shinn, P. J., and Wood (Parker), J., concurred.