[Civ. No. 18008. Second Dist., Div. Three. Dec. 28, 1951.]

THE CITY OF LOS ANGELES (a Corporation), Respondent, v. R. A. GANAHL et al., Defendants; WILMA E. SCHUH et al., Appellants.

William Mackenzie Brown for Appellants.

Ray L. Chesebro, City Attorney, Charles F. Reiche, Assistant City Attorney, O. M. Lloyd, John D. Barrett and John L. Deeny, Deputy City Attorneys, for Respondent.

VALLÉE, J.—Plaintiff brought this action to quiet its title to two parcels of realty. The defendants Schuh (referred to as defendants) answered, alleging they were the owners of a lien on both parcels, and filed a cross-complaint for partition. The court sustained the demurrer of plaintiff to the cross-complaint without leave to amend and granted plaintiff's motion for judgment on the complaint and the answer. The judgment decreed that plaintiff is the owner of the property and defendants have no interest therein. Defendants appeal.

Defendants own street improvement bonds numbers 204 and 205, issued July 16, 1930, under the Improvement Act of 1911. (Stats. 1911, p. 730; now Sts. & Hy. Code, §§ 5000-6794.) Bond 204 was issued in the amount of $315.34, payable in ten annual installments with semi-annual interest. It was in default in the sum of $220.75, together with interest and penalties from January 2, 1934. Bond 205 was issued in the amount of $548.39, payable in ten annual installments with semi-annual interest. It was in default in the sum of $383.87, together with interest and penalties from January 2, 1934.

The property which was subject to the lien of the bonds (the two parcels as to which plaintiff sought to quiet title) became delinquent for city and county taxes for the fiscal year 1933-4. It was sold to the state in 1934 and was deeded to the state in 1939. On October 10, 1947, the state sold the property to plaintiff. Neither the answer nor the cross-complaint alleged that plaintiff was not a bona fide purchaser for value.

On June 18, 1948, the city treasurer of Los Angeles, at the written request of one of the defendants made in writing on November 26, 1947, sold the property to satisfy the lien of the bonds.

As grounds for reversal defendants contend: (1) the lien of the bonds was not extinguished by lapse of time, and (2) defendants were entitled to proceed to trial on their cross-complaint for partition.

The points made for reversal were decided contrary to defendants' contentions in the recent cases of *Scheas* v. *Robertson,* 38 Cal.2d 119 [238 P.2d 982], *Sipe* v. *Correa,* 38 Cal.2d 131 [238 P.2d 989], and *Anger* v. *Borden,* 38 Cal. 2d 136 [238 P.2d 976]. In those cases it was held that the lien of the bonds was extinguished on January 1, 1947, and that the amendment of Civil Code, section 2911, in 1945 when applicable operates to prevent the holder of a street improvement bond issued under the Improvement Act of 1911 from enforcing his lien in any manner, whether the remedy be a suit for partition or foreclosure. At the time of the sale by the city treasurer on June 18, 1948, the lien of the bonds had been extinguished and the sale was therefore void and of no effect. It thus appears from the pleadings that defendants have no right, title or interest in the property.

There is no merit in the contention that plaintiff cannot be cloaked with the robe of a bona fide purchaser for value because the bonds were issued by the city treasurer of plaintiff or because payments of principal and interest on the bonds are paid by the city treasurer from a designated fund made up from sums paid to him for that purpose. Those facts alone are not sufficient to warrant the conclusion, as a matter of law, that plaintiff was not a bona fide purchaser for value. (*Scheas* v. *Robertson, supra,* 38 Cal.2d 119, 128-130; *Anger* v. *Borden, supra,* 38 Cal.2d 136, 138-139.) As we have said, defendants did not in their answer or cross-complaint allege that plaintiff was not a bona fide purchaser for value from the state. The presumption is that plaintiff purchased in good faith and for value. (*Anger* v. *Borden, supra,* 38 Cal. 2d 136, 138-139.) Since the record contains nothing to refute the presumption, the court did not err in concluding that section 2911 operated to bar the enforcement of the lien of plaintiff's bonds. (See, also, *Rombotis* v. *Fink,* 89 Cal.App.2d 378 [201 P.2d 588].)

Affirmed.

Shinn, P. J., and Wood (Parker), J., concurred.