239 P.2d 3]

[Civ. No. 18123. Second Dist., Div. Three. Dec. 28, 1951.]

CHARLES B. CARPENTER, JR., Appellant, v. PATRICK H. LAING et al., Respondents.

Robert E. Rosskopf for Appellant.

Anderson, Burdine & Bowman for Respondents.

VALLÉE, J.—Appeal by plaintiff from a judgment of dismissal entered pursuant to an order sustaining the demurrer of respondents to the complaint without leave to amend in a suit for partition and declaratory relief.

Plaintiff owns a street improvement bond issued November 26, 1927, under the Improvement Act of 1911. (Stats.

1911, p. 730; now Sts. & Hy. Code, §§ 5000-6794.) The bond was issued in the amount of $138, payable in ten annual installments, commencing January 2, 1929, with semi-annual interest. The bond was in default in the sum of $82.80 principal, together with interest and penalties from July 2, 1932. It had not been foreclosed either by court action or through the city treasurer's office, and no foreclosure proceedings were pending at the time this action was commenced on March 31, 1950.

The property which was subject to the lien of the bond became delinquent for city and county taxes for the fiscal year 1926-7. It was sold to the state in 1927 and was deeded to the state in 1933. On August 10, 1948, the state sold the property to defendants Laing and Smith. The complaint did not allege that Laing and Smith were not bona fide purchasers for value. The prayer was that the lien of the bond be decreed to be on a parity with the title of Laing and Smith, and that the property be sold and the proceeds distributed as the interests of the respective parties appeared.

As grounds for reversal, plaintiff contends: (1) the bond and tax liens were on a parity; (2) the deeds to and from the state did not affect the bond lien; (3) the lien of the bond was not extinguished by Civil Code section 2911; (4) Laing and Smith were not bona fide purchasers; (5) the only remedy of the bondholder against the tax title after 1933 was in partition; (6) the bondholder could not sue for partition until August, 1948; (7) suit was filed 18 months later, and there is no statute of limitations with respect to an action for partition.

Each and all of plaintiff's grounds for reversal were decided contrary to his contentions in the recent cases of *Scheas* v. *Robertson,* 38 Cal.2d 119 [238 P.2d 982], and *Sipe* v. *Correa,* 38 Cal.2d 131 [238 P.2d 989]. No useful purpose would be served in repeating what is said in those cases. Upon the authority of the Scheas and Sipe cases, the judgment must be affirmed.

Affirmed.

Shinn, P. J., and Wood (Parker), J., concurred.