[Civ. No. 18858. Second Dist., Div. Three. June 13, 1952.]

ELBERT, LTD. (a Corporation), Respondent, v. J. D. GAWN, Appellant.

J. D. Gawn, in pro. per., and Ames Peterson for Appellant.

John F. Bender and Gizella M. Allen for Respondent.

SHINN, P. J.—Plaintiff is the holder of a treasurer's deed to real property in the city of Los Angeles described in the judgment, which deed was issued December 10, 1948, after foreclosure of a street bond dated December 27, 1928, issued pursuant to the Improvement Act of 1911. Defendant is the holder of a deed from the State of California dated October 20, 1945, issued following a deed to the state for nonpayment of taxes levied for the fiscal year 1930-1931.

The court found that the parties own equal interests in the property, as tenants in common, that plaintiff is the holder of an equitable lien in the sum of $1,951.02, defendant is the holder of an equitable lien in the sum of $75, and that defendant has paid taxes in the sum of $4.44, a lien upon the property. The judgment ordered the property sold by a referee, and that the proceeds, after costs of sale, should be distributed as follows: To plaintiff, his costs in the sum of $17.85; to defendant, the sum of $4.44; to plaintiff, the further sum of $1,951.02; and to defendant, $75; reasonable attorney's fees to plaintiff to be hereafter fixed,

for prosecution of the action; and the balance, if any, to be divided equally between the parties. It was provided that if sufficient sums are not obtained on the sale there shall be a proportionate distribution. Defendant appeals.

 The sole contention on the appeal is that defendant's tax title is superior to that of plaintiff. The law was settled to the contrary of defendant's contention in *Monheit* v. *Cigna*, 28 Cal.2d 19 [168 P.2d 965, 167 A.L.R. 995]. (See, also, *Carpenter* v. *Laing*, 108 Cal.App.2d 892 [239 P.2d 3].)

The judgment is affirmed.

Wood (Parker), J., and Vallée, J., concurred.