[Civ. No. 4567.   Fourth Dist.   Mar. 11, 1953.]

DELLA A. KIPP, Respondent, v. LUBERCO, LTD. (a Corporation) et al., Appellants.

John F. Bender and Gizella M. Allen for Appellants.

W. E. Starke and Solon S. Kipp for Respondent.

MUSSELL, J.—This is an action, filed on August 31, 1951, to partition real property in San Diego County and was brought pursuant to the provisions of section 752 of the Code of Civil Procedure. Plaintiff claims title to the property by virtue of a commissioner's deed, dated February 25, 1949, and issued after foreclosure through court of a street improvement bond issued pursuant to the Improvement Act of 1911. Defendant claims title to the property by virtue of a tax deed to the State of California and a deed from the state to defendant.

Defendant appeals and attacks plaintiff's commissioner's deed, contending that it did not convey title to plaintiff and that the bond lien on which said deed is based was extinguished by reason of the provisions of section 2911 of the Civil Code. The appeal is from the judgment of the trial court ordering judgment for partition, determining that plaintiff and defendant are owners of the real property involved as tenants in common, each owning an undivided one-half interest therein; decreeing that plaintiff holds an equitable lien against the entire property for the amount paid by plaintiff at the commissioner's sale in said foreclosure; that defendant has an equitable lien against the property for the amount paid by it for its tax deed and that said two equitable liens are on a parity.

On July 1, 1937, the real property in question was deeded to the state for nonpayment of taxes levied for the fiscal year 1931-1932, and on January 21, 1947, the state, pursuant to chapter 7, part 6, division 1, of the Revenue and Taxation Code, conveyed the property by tax deed to the defendant.

Plaintiff was the owner of delinquent Street Improvement Bond No. 101, Series 1463, issued by the city treasurer of the

city of San Diego pursuant to the Improvement Act of 1911. On December 29, 1944, she commenced an action in the Superior Court of San Diego County to foreclose the bond and on the same date filed a lis pendens in which Lizzie M. Wadha, Joseph Considine, Palmyra M. R. LaVence, Trustee, and various John Does were named as defendants in the action. Apparently, no further steps were taken in the foreclosure action until September 30, 1947, when plaintiff filed an amended complaint adding new parties defendent. The defendant in the instant action was not made a party defendant. Thereafter plaintiff published summons and on January 21, 1948, a decree of foreclosure was obtained and an order of sale was filed. On February 24, 1948, the property was sold by the commissioner in said action to plaintiff herein and on February 25, 1949, the said commissioner executed a deed to the plaintiff.

The record shows that plaintiff first sought to enforce her lien rights under her improvement bond in 1944 when she filed the foreclosure action. ■ At that time, the state held title to the property and plaintiff could not foreclose the lien against the tax title held by the state because of the sovereign immunity doctrine and because of the parity existing between the state's tax title and plaintiff's bond lien. (*Rombotis* v. *Fink*, 89 Cal.App.2d 378, 393 [201 P.2d 588].) ■ Plaintiff, by timely action, could have foreclosed her bond lien against the former owner's right of redemption, and, upon foreclosing against the former owner's right of redemption, would have had the bond lien satisfied or would have stepped into the shoes of the former owner, in which latter case she could have redeemed the property from the state at any time prior to the tax sale. (*Sipe* v. *Correa*, 38 Cal.2d 131, 135 [238 P.2d 989].) However, the right of redemption was terminated when the state, in January, 1947, conveyed the property by tax deed to the defendant herein and plaintiff, having failed to obtain the right to exercise her right of redemption, she obtained nothing by her foreclosure action. Plaintiff could have preserved her right to seek partition against the ultimate purchaser by tax deed from the state if she had taken proper steps to perfect her lien and carry it into title before the expiration of the time limit specified by the 1945 legislation (Civ. Code, § 2911, and Code Civ. Proc., § 330). After default of the bond, and during the period the state held title to the property, plaintiff, by reason of the parity existing between the bond and tax lien, could have demanded

that the city treasurer sell the property. This was not done. The record shows that plaintiff filed the present action in partition on August 31, 1951, long after her lien was presumed to have been extinguished under the provisions of section 2911 of the Civil Code.

In *Scheas* v. *Robertson*, 38 Cal.2d 119 [238 P.2d 982], the Supreme Court held that the amendment of Civil Code, section 2911, in 1945, established an absolute limitation of four years after the due date of the bond or the last installment thereof or the last principal coupon attached thereto or until January 1, 1947, whichever is later, for the enforcement of the lien of bonds issued under the Improvement Act of 1911, and is a valid statute of limitations; that the amendment of 1945, when applicable, operates to prevent the holder of a street improvement bond issued under the Improvement Act of 1911 from enforcing his lien in any manner, whether the remedy pursued be a suit for partition or foreclosure; and that the lien of a street improvement bond is presumed to have been extinguished at the expiration of the time stated in Civil Code, section 2911, and one who purchases the property after such time has expired need not ascertain whether any lien securing such bond was in fact extinguished but may rely on the presumption.

Plaintiff did nothing with her foreclosure action until September 30, 1947, eight months after the defendant acquired title to the property by tax deed from the state, at which time she filed an amended complaint in which the defendant herein was not named as a party.

We conclude that by the mere filing of the complaint in foreclosure plaintiff did not avoid the presumptions set forth in section 2911 of the Civil Code, having failed to take proper steps to perfect her lien and carry it into title before the time limits specified in section 2911 of the Civil Code. (*Sipe* v. *Correa, supra*, p. 134.) Plaintiff argues that this statute is not applicable because it applies only to unforeclosed bonds. However, the bond was not foreclosed at the time the defendant procured title from the state on January 21, 1947. The presumption of extinguishment was not overcome under the circumstances shown by the record.

Judgment reversed.

Barnard, P. J., and Griffin, J., concurred.