[Civ. No. 4555.    Fourth Dist.    Mar. 11, 1953.]

BETTY HARLESS, Appellant, v. JAMES HERVEY JOHNSON et al., Respondents.

John F. Bender and Gizella M. Allen for Appellant.

James B. Abbey for Respondents.

MUSSELL, J.—This is an action filed by plaintiff on January 20, 1949, to partition real property in San Diego County and was brought pursuant to the provisions of section 752 of the Code of Civil Procedure. Plaintiff is the owner and holder of unforeclosed street improvement bonds issued on February 25, 1929, by the city treasurer of the city of San Diego pursuant to the Improvement Act of 1911. More than four years had expired after the due date of said bonds or of the last installment due thereon of the last principal coupons attached thereto prior to the filing of plaintiff's complaint and prior to January 1, 1947. The bonds had not been paid and were not discharged of record. The interest of defendant Johnson in the property was based upon improvement bonds issued July 2, 1929, and proceedings to foreclose the same. The interest of defendant John Roulac was acquired by tax deed and a deed from the executrix of the estate of Earl Smyth Roulac, deceased.

The trial court found that the lien of plaintiff's bonds and each of them terminated as of January 1, 1947, under the provisions of section 2911 of the Civil Code of the State of California and that under the terms of said section, the lien of said bonds and each of them have been extinguished. Judgment was entered ordering cancellation of plaintiff's bonds and decreeing that defendants Johnson and Roulac are the owners of and entitled to the possession of the property involved. From this judgment plaintiff appeals.

█ It has been held that section 2911 of the Civil Code is a definite statute of limitations and provides a definite period of time upon the expiration of which street improvement liens would be not only unenforceable by foreclosure but would be presumed to have been extinguished. (*Rombotis* v. *Fink,* 89 Cal.App.2d 378, 384 [201 P.2d 588].) The validity and constitutionality of this section has been fully considered and established by the recent Supreme Court cases of *Scheas* v. *Robertson,* 38 Cal.2d 119 [238 P.2d 982]; *Sipe* v. *Correa,* 38 Cal.2d 131 [238 P.2d 989] and *Anger* v. *Borden,* 38 Cal.2d 136 [238 P.2d 976].

█ Plaintiff failed to protect her liens by appropriate action within the time specified in the statute. Her lien rights were therefore presumed to be extinguished. The presumption of extinguishment was not overcome by sufficient evidence and the judgment decreeing that plaintiff's liens were extinguished was proper.

█ Plaintiff attacks the trial court's findings that defendants are the owners of and entitled to the possession of the property. However, since plaintiff's liens under her improvement bonds were extinguished, she cannot successfully attack the questioned findings. █ It is well settled that a plaintiff in an action to quiet title must rely upon the strength of his own title rather than upon the weakness of that of his adversary. (*Denman* v. *Smith,* 14 Cal.2d 752, 758 [97 P.2d 451].)

Judgment affirmed.

Barnard, P. J., and Griffin, J., concurred.

A petition for a rehearing was denied April 9, 1953, and appellant's petition for a hearing by the Supreme Court was denied May 7, 1953.