[Civ. No. 4578. Fourth Dist. Mar. 11, 1953.]

ELBERT, LTD. (a Corporation), Plaintiff and Appellant, v. CITY OF SAN DIEGO, Defendant and Appellant.

John F. Bender and Gizella M. Allen for Plaintiff and Appellant.

J. F. DuPaul, City Attorney, Robert J. Sjogren, Deputy City Attorney, and W. E. Starke for Defendant and Appellant.

MUSSELL, J.—This is an action, filed February 13, 1951, for partition of real property in San Diego County and was brought pursuant to the provisions of section 752 of the Code of Civil Procedure. Plaintiff's claims are based on two street improvement bonds issued by the city treasurer of the city of San Diego, Bond 219, Series 1130 and Bond 360, Series 903, both issued pursuant to the Improvement Act of 1911. Defendant's title is based on a tax deed obtained from the State of California on October 3, 1946, pursuant to division 1, part 6, chapter 8 of the Revenue and Taxation Code, and a deed to the state dated August 1, 1935.

The trial court held with reference to Bond 219, Series 1130, that the claims of plaintiff under its commissioner's deed were valid and on a parity with the claims of defendant under the rules stated in *Monheit* v. *Cigna*, 28 Cal.2d 19 [168 P.2d 965, 167 A.L.R. 995], and ordered partition of the property, and further held that the lien of Bond 360, Series 903, is conclusively presumed extinguished under the provisions of section 2911 of the Civil Code. Both parties have appealed from the judgment.

Defendant city attacks that portion of the judgment ordering partition and decreeing that the parties are owners of the property as tenants in common, each having an equitable lien thereon and plaintiff contends that the court erred in holding that the lien on Bond 360, Series 903 is conclusively presumed extinguished.

### Bond 219, Series 1130

On June 16, 1930, one M. Blakesley commenced a foreclosure action in the Superior Court in San Diego County against the San Diego Beach Company, the then record owner of the property involved, to foreclose Street Improvement Bond 219, Series 1130, issued by the city treasurer of San Diego on February 25, 1929. Judgment of foreclosure was obtained in said action on January 7, 1931. A commissioner was appointed and sold the property to M. Blakesley and issued a certificate to her on February 9, 1931. There-

after, M. Blakesley assigned her interest in the certificate of sale and the real property to the Pacific States Savings and Loan Company. On February 23, 1932, a commissioner's deed was issued to said company and the deed was recorded June 30, 1932. On March 5, 1947, the Pacific States Savings and Loan Company executed and delivered its quitclaim deed of the property to plaintiff and that deed was recorded on March 13, 1947.

The real property involved became subject to a lien for taxes on March 4, 1929. It was sold to the state on June 30, 1930, deeded to it on July 1, 1935, and deeded by the state to the defendant city on October 3, 1946.

The Pacific States Savings and Loan Company, on February 23, 1932, had a lien on the property involved on a parity with the lien for general taxes. This lien right was in existence at and after the defendant city procured its deed from the state. (*Elbert, Ltd.* v. *Nolan,* 32 Cal.2d 610 [197 P.2d 537]; *Monheit* v. *Cigna,* 28 Cal. 19, 23 [168 P.2d 965, 167 A.L.R. 995].) It is apparent that M. Blakesley, plaintiff's predecessor in interest, preserved her right to seek partition against the ultimate purchaser by tax deed from the state by bringing an action to foreclose her bond and procuring a certificate of sale, thus perfecting her lien and carrying it into title before the expiration of the time limits specified in section 2911 of the Civil Code. The Pacific States Savings and Loan Company acquired the title to the property as well as the lien right of M. Blakesley and a tenancy in common with the state as holder of the tax title was established under the parity principle declared in *Monheit* v. *Cigna, supra,* 28 Cal. 19, 27 [168 P.2d 965, 167 A.L.R. 995]. As such tenant in common, plaintiff, as successor in interest of Pacific States Savings and Loan Company, was in a position to bring the instant action in partition. (*Sipe* v. *Correa,* 38 Cal.2d 131, 134 [238 P.2d 989].)

 Section 752 of the Code of Civil Procedure, under which the present action was commenced, contains no limitation as to the time within which such action may be maintained, and where, as here, plaintiff's predecessor in interest perfected foreclosure proceedings, she thus preserved her lien rights. The presumptions of extinguishment stated in section 2911 of the Civil Code are not applicable. As was said in *Rombotis* v. *Fink,* 89 Cal.App.2d 378, 388 [201 P.2d 588]:

''The extinguishment resulted, not from the legislation itself, but from the conduct of the bondholder in continuing to fail

to assert his right after due notice. The legislation in question does no more than recognize the logical inference to be drawn from long inaction on the part of the bondholder—that the claim has been paid, abandoned or otherwise extinguished.''

*Bond 360, Series 903*

■ Bond 360, Series 903, was issued by the city treasurer of the city of San Diego under date of January 12, 1928. Following a delinquency an action to foreclose the bond was filed in the Superior Court of San Diego County on December 30, 1941. In 1943 this action was assigned to plaintiff and no further action was taken in the case. The trial court in its memorandum decision dismissed the foreclosure action as to Bond 360, Series 903, and properly rendered judgment extinguishing the lien of said bond. (Code Civ. Proc., § 581a; *Scheas* v. *Robertson,* 38 Cal.2d 119 [238 P.2d 982] ; *Sipe* v. *Correa, supra; Elbert, Ltd.* v. *City of Long Beach,* 108 Cal.App.2d 463 [239 P.2d 4].)

The judgment is affirmed. Each party to bear its own costs.

Barnard, P. J., and Griffin, J., concurred.

A petition for a rehearing was denied April 9, 1953, and defendant and appellant's petition for a hearing by the Supreme Court was denied May 7, 1953.