[L. A. No. 22469.   In Bank.   Mar. 1, 1954.]

BETTY HARLESS, Appellant, v. ARMISTEAD B. CARTER, Respondent.

John F. Bender and Gizella L. Allen for Appellant.

Solon S. Kipp and W. E. Starke for Respondent.

EDMONDS, J.—Betty Harless, the holder of an unforeclosed .street improvement bond, sued to partition certain real property owned by Armistead B. Carter, whom the trial court found to be a bona fide purchaser for value of the land under a tax deed from the state. The appeal is from a judgment which declares that the lien of the bond has been extinguished and directs its cancellation.

The bond was issued in 1928 pursuant to the Improvement Act of 1911 (Stats. 1911, p. 730; Sts. & Hy. Code, div. 7, §§ 5000-6794), the last installment being due in 1938. In 1934, the land was deeded to the state for delinquent taxes. Title remained with the state until August, 1947, when it sold the property to Carter and issued the tax deed upon which he relies. The present action for partition was commenced in 1950, pursuant to section 752 of the Code of Civil Procedure. Section 2911 of the Civil Code was amended in 1945 (Stats. 1945, ch. 361, § 1) to establish a presumption as to

the extinguishment of any lien upon real property to secure the payment of bonds representing a public improvement assessment "at the expiration of four years after the due date of said bonds or of the last installment thereof or of the last principal coupon attached thereto, or on January 1, 1947, whichever is later." The presumption is conclusive in favor of a bona fide purchaser for value of the property after those dates.

This statute may be constitutionally applied to the liens of bonds issued prior to its effective date. (*Rombotis* v. *Fink*, 89 Cal.App.2d 378 [201 P.2d 588].) Later decisions of this court are based upon the same reasoning. (*Scheas* v. *Robertson*, 38 Cal.2d 119, 125-127 [238 P.2d 982]; *Anger* v. *Borden*, 38 Cal.2d 136, 138 [238 P.2d 976]; *Sipe* v. *Correa*, 38 Cal.2d 131, 134-136 [238 P.2d 989].) In the Rombotis case, quoted with approval in the Scheas opinion, the court observed that "the Legislature did not *ipso facto* extinguish any substantial right. The remedy of foreclosure in court or through sale by a city or county treasurer or other official was preserved by granting what the Legislature deemed a reasonable time after the effective date of the legislation for the bondholder or lienholder to take action. The authorities are legion upholding the constitutionality of statutes of limitation applicable to existing contract rights under which the parties are given a reasonable time after the statute becomes effective within which to enforce their rights." (P. 386.) It was concluded that the period between the effective date of the sections, September 15, 1945, and January 1, 1947, was a reasonable time to allow the holders of bonds to foreclose them.

In the present case, during that 15½ months' period, the property in question was held by the state for tax delinquencies. The bond owner argues that, because of such state ownership, she was deprived of all opportunity to enforce her lien. To permit the conclusive presumption of extinguishment to operate under such circumstances, the argument continues, is to deprive her of her property without due process of law.

Very similar factual situations were presented in the Rombotis case and in *Sipe* v. *Correa, supra.* It was held that the statute of limitations was not tolled during the period of state ownership. (*Rombotis* v. *Fink, supra,* p. 393.) Discussing the various remedies available to a lienholder, the court in the Sipe case concluded that a suit for partition

would not be appropriate during such period because of the sovereign immunity rule, but, since that remedy was created by a statute enacted after the contract rights were established, and which conferred no substantive rights, the Legislature might abolish it without infringement of constitutional guaranties. An action to foreclose the lien or a demand upon an officer of the city for a public sale was held to be adequate. It was pointed out that, although the owner of the fee is an indispensable party to a proceeding which would determine his interest, a valid judgment could be had against other interested persons without joining the fee owner. A foreclosure of the former owner's right of redemption would permit the bondholder to have his lien satisfied, or step into the shoes of the former owner with the right to redeem the property from the state.

The contention now made is that neither of the remedies suggested in *Sipe* v. *Correa* was available to the bondholder here. A judicial foreclosure could not be had, it is said, because such an action was barred by the statute of limitations, and there was no way to compel the city treasurer to comply with a demand for a public sale.

Section 6610 of the Streets and Highways Code requires that the bondholder's action for a judicial foreclosure of the lien be commenced within four years after the due date of the last installment upon a bond. In the present case, the statute of limitations barred that remedy in 1942.

However, a different period of limitation is prescribed for a demand upon the city treasurer to sell property to satisfy bond delinquencies. Section 330 of the Code of Civil Procedure, which was enacted at the same time as the amendment to section 2911 of the Civil Code (Stats. 1945, ch. 360, § 1), provides that if "the act or law establishing . . . [a power of public sale] fails to prescribe the time within which such official may act, said official may sell at any time prior to the expiration of four years after the due date of said bond or of the last installment thereof or of the last principal coupon attached thereto, or prior to January 1, 1947, whichever is later, but not thereafter." The Improvement Act of 1911, as in force at the time the appellant's bond was issued, prescribed no limitation concerning the time during which a city treasurer could conduct a sale. Thus, such a demand could have been made at any time during the period of 15½ months before January 1, 1947.

This section is said to have afforded no remedy in the present case, however, because the city treasurer has refused to sell property upon which there is a bond which matured more than four years before. the demand upon him to do so. Relying upon *Woods* v. *Hyde,* 64 Cal.App. 433 [222 P. 168], the appellant asserts that mandate was not available to compel him to act, nor was there any other way to enforce a public sale of the land.

In the Woods case, a demand was made upon a city treasurer to compel him to conduct a treasurer's sale more than six years after the maturity of a street improvement bond. As in the present case, the statute under which the bond was issued fixed no limitation upon the time during which a demand could be made upon the treasurer to conduct the sale. After the treasurer refused to do so, the bondholder sought a writ of mandate. The court denied the writ. Recognizing the continuing nature of the lien *right* under the bond, the court nevertheless concluded that all legal *remedies* were barred by the provisions of the general statute of limitations applicable to a liability created by statute. (Code Civ. Proc., § 338[1].) Mandate was held to be a legal remedy within the meaning of that section.

But with the enactment of section 330 of the Code of Civil Procedure, the limitation upon the remedy afforded by a public sale no longer is governed by the general statute of limitations, but by one specifying the time during which the owner of a bond of a particular kind may have a certain remedy. "When a general and [a] particular provision are inconsistent, the latter is paramount to the former. So a particular intent will control a general one that is inconsistent with it." (Code Civ. Proc., § 1859.)

Under section 330 of the Code of Civil Procedure, the city treasurer was authorized to sell property for a bond delinquency either before January 1, 1947, or four years after the maturity of the bond, *whichever is later.* The statute clearly shows a legislative intent to allow the remedy of a sale by the treasurer until the later of the prescribed dates. Certainly, he might not have refused to act upon the ground that the statute states that he "may" sell upon the demand of a bondholder "Where persons or the public have an interest in having an act done by a public body *'may'* in a statute means *'must.'* (Citation.) Words permissive in form, when a public duty is involved, are considered as mandatory." (*Uhl* v. *Badaracco,* 199 Cal. 270, 282 [248 P. 917].)

"[W]here the purpose of the law is to cloth public officers with power to be exercised for the benefit of third persons, or for the public at large—that is, where the public interest or private right requires that a thing should be done—then the language, though permissive in form, is peremptory." (*County of Los Angeles* v. *State,* 64 Cal.App. 290, 295 [222 P. 153].)

To say that the treasurer might act in some cases and refuse to do so upon the demand of a bondholder similarly situated would be to construe the statute as vesting authority with no ascertainable standard for official duty. ■ Moreover, in view of the clear mandatory language of section 6500 of the Streets and Highways Code, that "whenever . . . the holder of the bond demands in writing that the treasurer proceed to advertise and sell the . . . land . . . the treasurer *shall* proceed to advertise and sell the lot or parcel of land as provided in this chapter," there is no justification for his refusal to do so, and mandate would lie to compel the performance of his statutory duty.

There is no evidence that the city treasurer refused to comply with any demand that he sell the property to enforce the lien. On the contrary, although he testified that he would have refused to do so, it has been stipulated that no demand that he sell the land was ever made. The trial court so found. Accordingly, it is unnecessary to determine whether such a demand made upon the city treasurer would prevent the grantee in a tax deed from the state from qualifying as a bona fide purchaser for value. (*Cf. Rombotis* v. *Fink, supra,* at 89 Cal.App.2d 389; see *Sipe* v. *Correa, supra,* at 38 Cal.2d 135.)

The judgment is affirmed.

Gibson, C. J., Carter, J., Traynor, J., Schauer, J., and Spence, J., concurred.