[L. A. No. 15583. In Bank.—May 14, 1936.]

BESSIE ROBERTS, Appellant, v. TITLE INSURANCE & TRUST COMPANY (a Corporation) et al., Respondents.

George P. Cook for Appellant.

William L. Kuehn and Franz R. Sachse for Respondents.

CONREY, J.—In this action for equitable relief plaintiff petitioned pursuant to the Moratorium Act (Stats. 1935, chap. 348, p. 1208 et seq.) for an order of court to postpone or stay a threatened sale of real property under trust deed foreclosure. Defendants are respectively the trustee and beneficiary named in the trust deed and the alleged assignee of the beneficiary. The petition alleges that the trust deed was executed by plaintiff on September 20, 1932, to secure her promissory note for $9,000 and that notice of default (sec. 2924, Civ. Code) was recorded April 10, 1935, the date of threatened sale being August 6, 1935. Defendants filed no formal appearance, either by answer or demurrer, but when the case was called on August 29, 1935, their counsel objected to the hearing. The court sustained the objection and ordered that the petition be dismissed. From this order plaintiff appealed and the cause is now before us on motion of defendants to dismiss said appeal or to affirm the judgment.

The trial court correctly ruled that it was without jurisdiction to hear the petition for the reason that it was not filed within the time required by the act, section 2 (Stats.

1935, p. 1209). Said section provides: "At any time *within ninety days* from and after the *recording of notice of default* under section 2924 of the Civil Code, or at any time *within thirty days* after the *effective date of this act,* but not later than January 1, 1937, the trustor under any deed of trust upon real property . . . may file a petition . . . praying for an order postponing the sale of such property . . . " The act was approved by the Governor on June 21, 1935, and was declared to be an urgency measure effective immediately. Plaintiff's petition was filed July 26, 1935, more than thirty days thereafter, and more than ninety days after the date of recording the notice of default (April 10, 1935). Appellant's contention that the petition could be filed at any time prior to January 1, 1937, is without merit. Obviously the clause of section 2, " . . . but not later than January 1, 1937", fixes the termination of the period during which the act is to be in effect and it may not be construed as permitting the filing of petitions at any time prior to such date, regardless of other limitations.

Appellant argues the further question of whether the provisions of said section 2, defining the period within which petitions may be filed, constitute merely a statute of limitations or whether they set forth a qualification of the right or remedy created by the statute. Appellant contends that the provisions fall within the former classification and she seeks to invoke the familiar rule that a statute of limitations must be affirmatively pleaded by demurrer or answer or its benefits are waived (16 Cal. Jur. 603). We think that the provisions fall within the latter classification and state a jurisdictional requirement rather than an affirmative defense. This becomes apparent upon reference to the terms of the act, which expressly declare that it is an urgency measure, creating a special form of relief available only over a limited period, to a certain class of persons under particular circumstances. Referring to the wide distinction existing between pure statutes of limitation and special statutory limitations qualifying a given right, it is stated in 37 Corpus Juris, page 686, as follows: "In the latter instance, time is made an essence of the right created and the limitation is an inherent part of the statute or agreement out of which the right in question arises, so that there is no right of action whatever independent of the limitation." This principle is recognized in the case of *People* v. *Kings County Dev. Co.,*

48 Cal. App. 72 [191 Pac. 1004]. It follows that the order of the court below was a proper dismissal of the proceeding for lack of jurisdiction.

The above conclusion renders unnecessary a discussion of respondents' contention on motion to dismiss, that inasmuch as a sale of the property under the deed of trust was duly held on September 6, 1935, the questions presented by the appeal have become moot and the appeal must in any event be dismissed.

The judgment is affirmed.

Langdon, J., Curtis, J., Shenk, J., Waste, C. J., and Thompson, J., concurred.