[Civ. No. 2964.   Fourth Dist.   Mar. 30, 1942.]

LINDA RITTER, Respondent, v. HARVEY H. FRANKLIN et al., Defendants; PIONEER TITLE INSURANCE AND TRUST COMPANY (a Corporation), Appellant.

Robert Mack Light for Appellant.

Tobias R. Archer for Respondent.

THE COURT.—The following opinion was prepared by the Honorable Franklin G. West, Justice pro tem., and is adopted as the opinion of the court.

Respondent was the owner of a street improvement bond issued February 3, 1925, under the Street Improvement Act of 1911. (Stats. 1911, p. 730; Deering's Gen. Laws, 1937, Act 8199.) She instituted an action to foreclose said bond in the Superior Court of San Bernardino County pursuant to the provisions of section 76a of said act. The said bond was a lien upon certain property in the city of San Bernardino, a portion of which property was owned by appellant and the balance by the defendants Franklin, who, prior to the trial, conveyed to plaintiff all of that portion of the lot of land belonging to them. The action was dismissed as to defendant Southern California Telephone Company.

At the date of the issuance of the bond here under consideration, section 76 of the improvement act of 1911 provided, insofar as pertinent here, as follows:

"In the event of the nonpayment of any installment of the interest or principal and by way of a separate, distinct and cumulative remedy, the holder of any bond upon which any payment either upon the principal or of the interest has not,

or shall not be made when due, may file and maintain a suit to foreclose the lien of the bond in the same manner provided in this act for the foreclosure of the lien of delinquent assessments.''

In 1927 the section was amended to provide a four-year limitation for commencing foreclosure proceedings and in 1929 the provisions for foreclosure were taken out of section 76 and recast in a new section, to wit: Section 76a of said act. (Stats. 1929, chap. 718.) The general provisions governing proceedings for foreclosure were not materially altered. The provisions of said section 76a, insofar as bearing upon such limitation, read as follows:

''In the event of the nonpayment of any installment of the interest or principal and by way of a separate, distinct and cumulative remedy, the holder of any bond upon which any payment either upon the principal or of the interest has become delinquent may, at any time after three months after the date it is provided by ordinance or charter of said city that taxes are due, or in case taxes are collected by the county for the city at any time after four (4) months next succeeding the fourth Monday of September, following the date of delinquency of principal or interest and prior to the expiration of four (4) years after the due date of the last installment upon any bond or of the last principal coupon attached thereto, file and maintain a suit to foreclose the lien of the bond and recover the amount due thereon. . . .''

According to the terms of the bond, which is the subject of this litigation, the due date of the last installment as indicated by the principal coupon attached to the bond was January 2, 1935. The first seven of the ten installments on the bond were paid, but the last three installments due respectively January 2, 1933, January 2, 1934 and January 2, 1935, were not paid for the reason that the fund providing for the retirement of said bond became exhausted January 2, 1932, by reason of nonpayment of any further installments of principal and interest into the fund by the owner of the property.

Respondent instituted the present action for the foreclosure of the lien of the bond on the 4th day of November, 1940, designating the appellant as one of the defendants, inasmuch as it was the owner of a portion of the land affected. By its answer appellant alleged that the cause of action set

forth in plaintiff's complaint was barred by the terms and provisions of section 76a of the Street Improvement Act of 1911, and also alleged that said action was barred by the provisions of sections 329, 337 and 338 of the Code of Civil Procedure of the State of California. Upon the trial, the court found that all of the allegations of plaintiff's complaint were true, and that the denials and allegations of appellant's answers were untrue. Judgment was entered for plaintiff, and the premises of appellant, or so much thereof as might be necessary, were ordered sold as provided by law. This appeal followed.

The single point presented on this appeal is as to whether an action to foreclose the lien of a bond issued under the terms of the Improvement Act of 1911 may be maintained in the face of a clear showing that the complaint was not filed within four years after the due date of the last principal coupon attached to said bond. The sole contention of appellant is that section 76a of the act is determinative of the question. It argues that where a statute contains, as does the act under consideration, as an integral part of its provisions a limitation as to the time of performance of a certain act specified therein as one of the steps in effecting a remedy, such limitation is not technically a statute of limitations, but is properly to be considered as a condition to the right extended, and that it must be strictly complied with by litigants seeking to avail themselves thereof. Respondent defends the judgment entered upon two grounds. First, that no statute of limitations barred the action to foreclose the bond for the reason that the provisions of the act limiting the time within which the action must be commenced were not adopted until after the issuance to respondent of her bond, and was therefore inoperative to change or impair the contract or to affect her right of foreclosure by any retroactive limitation of action. She furthermore urges that in any event appellant could not avail itself of a statute of limitations because section 60 of the Street Improvement Act of 1911 provides for payment of the principal and interest of bonds of the character owned by respondent out of a particular fund only, and that under such circumstances, the debtor may not plead the statute of limitations without showing that the fund has been provided to pay the obligation.

The court found, as heretofore mentioned, that nothing

had been paid in to the bond fund for the payment of the amounts due on principal and interest since January 2, 1932.

We are of the opinion that the case must be reversed, and that the trial court erred in its refusal to accord to appellant the benefit of the statute of limitations provided by section 76a, *supra*. It is not our opinion, however, that the distinction contended for by appellant, to wit: that the four-year limitation provided in said section is not correctly a statute of limitations, but a condition to the prosecution of a foreclosure action, is well taken. The distinction between statutes of limitation and statutes in the nature of conditions is clearly set forth in the case of *People* v. *Kings County Development Company*, 48 Cal. App. 72 [191 Pac. 1004], where it is said:

"Statutes of limitations are, in a strict or legal sense, statutes of repose, and 'are such legislative enactments as prescribe the periods within which *actions may be brought upon certain claims*, or within which certain rights may be enforced.' (Wood on Limitations, 3d ed., sec. 1.) The same author further observes: 'Those statutes which merely restrict a statutory or other right do not come under this head (i. e., under the head of 'statutes of limitations'), but rather are in the nature of conditions put by the law upon the right given."

We are of the opinion that we are dealing with a statute of limitations, rather than with a condition restrictive of a litigant's right to proceed.

■■ Referring to the first contention of respondent, to wit: That the action is not affected by nor subject to the limitation set forth in section 76a of the act, because of the general provision that a law enacted after a contract is made cannot apply to such contract, but can have only a prospective effect, we must disagree with respondent's theory. It is, of course, true that a street assessment is a contract, and the provisions of the statute in force at the time prescribing the manner of its enforcement are a part of such contract. (*Chapman* v. *Jocelyn*, 182 Cal. 294 [187 Pac. 962] ; *Jeffreys* v. *Point Richmond Canal & Land Company*, 202 Cal. 290 [260 Pac. 548].) It is likewise well recognized that if a remedy available to a person is altered after the contract is made so as to materially impair the obligation of such contract, the law cannot affect the relations between the parties to such contract. We do not believe, however, that the effectiveness of section 76a as providing a limitation is affected by the rules

just referred to. In our opinion, the adoption of said section was merely a modification of the manner or means of procedure.

In the case of *Doehla* v. *Phillips,* 151 Cal. 488 [91 Pac. 330], the Supreme Court in discussing the question of the power of the Legislature to alter a period of limitation as to contracts then in force, stated:

"The constitutionality of statutes establishing or altering a period of limitation as to contracts then in force is beyond question. Subject always to the limitation that a reasonable time must be allowed for prosecuting a proceeding after the passage of an act establishing or shortening such a period, the power of the legislature is absolute in such matters. There is in such legislation no forbidden impairment of the obligation of any contract. As said in *Terry* v. *Anderson,* 95 U. S. 628 [24 L. Ed. 365], the parties to a contract 'have no more a vested interest in the time for the commencement of an action than they have in the form of the action to be commenced, and as to the forms of action or modes or remedy, it is well settled that the legislature may change them at its discretion, provided adequate means of enforcing the right remain.' " (See, also, *Los Angeles Bond and Securities Company* v. *Heath,* 120 Cal. App. 328, 329 [7 Pac. (2d) 1089].)

The addition of section 76a to the Improvement Act of 1911 · was in 1929. Respondent's bond did not become due as to its final payment until 1935. She filed her action in the latter part of 1940. It cannot be said that the limitation of action imposed did not afford a reasonable time to respondent to prosecute her proceeding after the adoption of the amendment established in the period of limitation.

The other point necessary to be discussed presents a somewhat more difficult situation.

In a number of cases the courts of California have used substantially the following language: "When payment is provided for out of a particular fund or in a particular way, the debtor cannot plead the statute of limitations without showing that the particular fund has been provided or the method pursued." (*Sawyer* v. *Colgan,* 102 Cal. 283 [36 Pac. 580, 834] ; *Hewel* v. *Hogin,* 3 Cal. App. 248 [84 Pac. 1002] ; *Bradley Co.* v. *Ridgeway,* 14 Cal. App. (2d) 326 [58 Pac. (2d) 194].) Respondent contends that the above stated rule is applicable to the situation existing here. She points out that section 60 of the Improvement Act of 1911 requires

the maintaining of a particular fund by the city treasurer and payment upon the principal and interest of an outstanding bond from that fund and that fund alone. She further calls attention to the fact that it was specifically found that the debtor did not provide the particular fund from which of necessity the principal and interest of her bond had to be paid, and that therefore all of the elements are present which make the plea of the statute unavailing to appellant.

It becomes necessary to analyze to some extent the cases upon which respondent relies in order to determine their applicability to the situation present here. In the case of *Sawyer* v. *Colgan, supra,* a petition was filed for a writ of mandate, commanding the controller of the State of California to issue a warrant upon the state treasury for the amount alleged to be due on a certain bond and coupons. The bonds had been issued under an act of 1852 authorizing the state treasurer to issue bonds for the payment of expenses of certain expeditions against the Indians. It was stipulated in the bonds that they should be payable at the office of the state treasurer, ten years after date, provided they had not sooner been paid from funds anticipated in the act to be derived from the Government of the United States under congressional appropriation. It was further provided that the bonds, if to be paid by the state, should be paid out of any moneys in the treasury not otherwise appropriated to pay the expenses of the expeditions mentioned in the act. Subsequently, Congress did make an appropriation to pay these bonds, but some portions thereof were not paid from said appropriation, which resulted in the mandamus proceeding being instituted. It appeared that from 1862 to 1889, inclusive, there was not in any year in the general fund in the State Treasury of California any surplus not otherwise appropriated, and that in 1890, for the first time, there was a surplus. The controller contended that the action was barred by the statute of limitations. It was clear that some thirty years had elapsed between the due date of the bonds and the institution of the action. It was held that since the petitioner never prior to 1890 could have maintained a mandate for the payment of his bond coupons because of the lack of otherwise unappropriated funds to pay them, the statute could not bar the proceeding, for since the state had not made available those funds necessary to retire its obligation, any previous demand by the bondholder would of necessity have been refused because of the lack of statutory liability on the state.

In *Hewell* v. *Hogin, supra,* there was an application for a writ of mandate commanding the treasurer of an irrigation district to pay interest on certain bonds. Several of the interest coupons had fallen due more than four years prior to the institution of the proceeding. The bonds themselves were not barred.

The defendant treasurer sought to avail himself of the statute of limitations. It appeared that no fund was at any time provided for the payment of these interest coupons, as of the time when they became due or until less than four years before the action was filed. It was held that since the principal of the bonds was not barred by the statute, and since no statute forbade payment of the accrued interest, even after the four-year statute had run thereon, the defendant should not be permitted to avail himself of the statute of limitations.

In both of the foregoing cases, it will be noted that the very person seeking to plead the statute could not have complied with a timely demand for payment had it been made.

In *Bradley Company* v. *Ridgeway, supra,* the debtor was the owner of certain property upon which rested the lien of certain street improvement bonds. Certain payments of principal and interest were delinquent for a period of more than four years. The property owner offered to pay into court a part of the installments of principal, interest and penalties which had become due on the bonds within four years prior to the institution of the action, and sought to quiet its title against the holders of the bonds, and also sought declaratory relief with respect to the outstanding bonds. It was plaintiff's contention that it was not obliged to pay the "outlawed" installments in order to quiet its title against the lien of the bonds. This contention was rejected and insofar as pertinent here, this court predicated its opinion partially upon the rule that the debtor could not claim the benefit of the statute without showing that it had made the payments into the fund which in the action it was contended need not be paid on account of the bar of the statute. Under the peculiar circumstances of the Bradley Company case, it seems clear that the rule was properly applied, for the debtor was attempting to quiet title against claims for payment of principal and interest due on bonds which had been validly issued, on the ground that such payments were barred by the statute of limitations, without pleading willingness to pay the in-

debtedness which was admittedly due. The cause of action was equitable in character, and as the court said: "No principal of equity is more firmly established than the familiar rule that he who seeks equity must first do equity." It is and always has been the rule that a court of equity will not look favorably upon the efforts of a debtor to avoid the payment of a just obligation, while at the same time seeking affirmative equitable relief. As applied therefor in the Bradley Company case, the rule that when payment of an obligation is provided to be made out of a particular fund, the debtor may not plead the statute of limitations without showing that he has provided the fund, was clearly just in its application. To apply the rule in the instant case, however, would, in our opinion, render meaningless the clear limitation of four years provided by the Legislature in the enactment of section 76a of the act, for if a property owner had provided the fund for payment, his obvious defense to the foreclosure proceeding would be that he had paid the amount of his indebtedness into the fund, rather than to plead the statute of limitations. It follows that if the rule contended for by respondent is adopted, the only person to whom the statute would be available would be the person who would have no need for its benefit. Under the circumstances, sound legal reasoning would seem to indicate that it was the intention of the Legislature in the adoption of section 76a to give to any debtor who is sued thereunder the privilege of pleading the statute in the same manner that it might be pleaded should an action be instituted by a mortgagee to foreclose a mortgage, or by a payee for judgment upon a promissory note or other written instrument.

One other case was cited by respondent in support of the rule which she urges is applicable here. That case is *McGrath v. County of Butte*, 30 Cal. App. (2d) 734 [87 Pac. (2d) 381]. In that case, petitioner sought by mandamus to compel the members of the board of supervisors to levy a special tax to pay for lands purchased at a delinquent tax sale. The sale had followed a failure to pay assessments on bonds issued by a county improvement district. Plea of the statute of limitations was raised, but it was held that the proceeding was not barred by subdivision 1, section 338 of the Code of Civil Procedure, for the reason that there was a continuing duty to levy and collect a tax with which to make the payment, and thus that the statute of limitations would never run as long

as the obligation to levy the tax existed, such liability not being one created by statute but rather one arising out of the contract created by the bond. The case is clearly not comparable to the instant situation, since the obligation to levy the tax could never be fixed as of a definite date from which the statute would commence to run, while on the contrary, in our case the obligation of appellant arose at fixed intervals indicated in the bond coupons.

We are of the opinion that since the last payment of principal on the bond in question fell due on January 2, 1935, and the action to foreclose was not commenced until the fourth day of November, 1940, some five years and ten months thereafter, that upon a proper pleading the trial court should have found that the action to foreclose was barred under section 76a of the act. For the reasons indicated, the judgment is reversed.