[Civ. No. 4533.   Fourth Dist.   Mar. 11, 1953.]

BETTY HARLESS, Appellant, v. ELMER B. WINTER et al., Respondents.

[Civ. Nos. 4534, 4541, 4547, 4549, 4557, 4558, 4559, 4564. Fourth Dist.   Mar. 11, 1953.]

BETTY HARLESS, Appellant, v. SOLON S. KIPP et al., Respondents.

[Civ. Nos. 4535, 4536.   Fourth Dist.   Mar. 11, 1953.]

BETTY HARLESS, Appellant, v. CITY OF SAN DIEGO, etc., et al., Respondents.

[Civ. No. 4537.   Fourth Dist.   Mar. 11, 1953.]

ANN SIPE, Appellant, v. CITY OF SAN DIEGO, etc., et al., Respondents.

[Civ. Nos. 4540, 4546, 4556, 4561.   Fourth Dist.   Mar. 11, 1953.]

BETTY HARLESS, Appellant, v. ARMISHEAD B. CARTER et al., Respondents.

[Civ. No. 4542.   Fourth Dist.   Mar. 11, 1953.]

BETTY HARLESS, Appellant, v. EAGLE INVESTMENT COMPANY (a Corporation) et al., Defendants and Respondents; STEPHEN M. KEW, Plaintiff in Intervention and Respondent.

[Civ. No. 4543.   Fourth Dist.   Mar. 11, 1953.]

BETTY HARLESS, Appellant, v. ANNA MILLS et al., Respondents.

[Civ. No. 4544.   Fourth Dist.   Mar. 11, 1953.]

BETTY HARLESS, Appellant, v. W. E. STARKE et al., Respondents.

[Civ. Nos. 4545, 4548.   Fourth Dist.   Mar. 11, 1953.]

BETTY HARLESS, Appellant, v. EAGLE INVESTMENT · COMPANY (a Corporation) et al., Respondents.

[Civ. No. 4550.   Fourth Dist.   Mar. 11, 1953.]

BETTY HARLESS, Appellant, v. MICHIGAN MORT-
GAGE COMPANY (a Corporation) et al., Respondents.

[Civ. Nos. 4553, 4554.   Fourth Dist.   Mar. 11, 1953.]

BETTY HARLESS, Appellant, v. ANTOINETTE PURDY
et al., Respondents.

[Civ. No. 4560.   Fourth Dist.   Mar. 11, 1953.]

BETTY HARLESS, Appellant, v. SOLON S. KIPP et al.,
Defendants; EAGLE INVESTMENT COMPANY, LTD.
(a Corporation), Respondent.

[Civ. No. 4563.   Fourth Dist.   Mar. 11, 1953.]

BETTY HARLESS, Appellant, v. DELLA A. KIPP et al.,
Respondents.

[Civ. No. 4597.   Fourth Dist.   Mar. 11, 1953.]

BETTY HARLESS, Appellant, v. J. SEDLACK, etc., et al.,
Respondents.

John F. Bender and Gizella M. Allen for Appellants.

Solon S. Kipp and W. E. Starke, in pro. per.; J. F. DuPaul, City Attorney (San Diego), and Robert J. Sjogren, Deputy City Attorney, for Respondents.

Hillyer & Hillyer for Plaintiff in Intervention and Respondent.

MUSSELL, J.—Each of these listed actions in partition, under section 752 of the Code of Civil Procedure, was brought by plaintiff as owner of unforeclosed street improvement bonds issued by the city treasurer of San Diego pursuant to the Improvement Act of 1911. The complaint in each case was filed in 1949. It is stipulated by the parties that insofar as the law is concerned, the facts in each and all of the above

actions are identical. More than four years had expired after the due date of said bonds or the last installment due thereon or of the last principal coupon attached thereto prior to the filing of plaintiff's complaint in partition and prior to January 1, 1947. Defendants are owners of tax deeds, all acquired from the State of California pursuant to chapter 7, part 6, division 1 of the Revenue and Taxation Code and each of said deeds was issued prior to January 1, 1947.

The trial court found that the liens of said bonds and each of them terminated as of January 1, 1947, under the provisions of section 2911 of the Civil Code of the State of California and that under the terms of said section, the liens of said bonds and each of them are conclusively presumed extinguished. Judgment was entered for defendants and plaintiff appeals.

Plaintiff contends that under the facts of these cases the provisions of section 2911 of the Civil Code do not constitute a complete extinguishment of plaintiff's bonds on January 1, 1947; that the presumption set forth therein is disputable, not conclusive, and that sufficient evidence was introduced to overcome the presumptions.

Defendants contend that they are the owners in fee and entitled to the possession of the various parcels of real property, free and clear of any purported claim of plaintiff; that her claim came too late; that having filed her actions for the first time in 1949, two years after the Legislature decreed an end to this type of litigation on said bonds, she failed to carry the burden and prove her claims; and that she has no lien which she can enforce. Defendants' contentions must be sustained.

Prior to its amendment in 1945, section 2911 of the Civil Code read as follows:

"A lien is extinguished by the lapse of the time within which, under the provisions of the Code of Civil Procedure, an action can be brought upon the principal obligation."

At the 1945 session of the Legislature, the section was amended to read as follows:

"A lien is extinguished by the lapse of time within which, under the provisions of the Code of Civil Procedure, either:

"1. An action can be brought upon the principal obligation, or

"2. A treasurer, street superintendent or other public official may sell any real property to satisfy a public improvement assessment or any bond issued to represent such assessment

and which assessment is secured by a lien upon said real property; whichever is later.

"Anything to the contrary notwithstanding, any lien heretofore existing or which may hereafter exist upon real property to secure the payment of a public improvement assessment shall be presumed to have been extinguished at the expiration of four years after the due date of such assessment or the last installment thereof, or four years after the date the lien attaches, or on January 1, 1947, whichever is later, or in the event bonds were or shall be issued to represent such assessment, the lien shall then be presumed to have been extinguished at the expiration of four years after the due date of said bonds or of the last installment thereof or of the last principal coupon attached thereto, or on January 1, 1947, whichever is later. The presumptions mentioned in this paragraph shall be conclusive in favor of a bona fide purchaser for value of said property after such dates."

At the same session the Legislature added section 330 to the Code of Civil Procedure, under the title headed "Time of Commencing Civil Actions," which section reads as follows:

"In all cases in which there is now vested or there shall hereafter be vested in a treasurer, street superintendent, or other public official the power to sell at public auction, after demand upon him by the holder of any public improvement bond, any lot or parcel of land upon which exists or which shall hereafter exist a lien to secure the payment of a public improvement assessment represented by said bond, and the act or law establishing such power fails to prescribe the time within which such official may act, said official may sell at any time prior to the expiration of four years after the due date of said bond or of the last installment thereof or of the last principal coupon attached thereto, or prior to January 1, 1947, whichever is later, but not thereafter. This section is not intended to extend, enlarge or revive any power of sale which has heretofore been lost by reason of lapse of time or otherwise."

In *Rombotis* v. *Fink*, 89 Cal.App.2d 378 [201 P.2d 588], the effect of these amendments was discussed and it was there said, at page 384:

"The 1945 enactments of the Legislature, . . . , disclose a complete revisory plan with reference to the duration and extinction of assessment liens. In addition to the enactment of sections 330 and 2911, above quoted, the Legislature

amended the Assessment Bond Refunding Act of 1933, the Improvement Act of 1911, the Street Improvement Act of 1913, the Street Opening Act of 1903, the Street Opening Bond Acts of 1911 and 1921 and the Street Opening Act of 1889, to provide, generally, that the lien of bonds or assessments should expire four years from the date of the last installment, whereas theretofore these acts provided variously that the lien should continue 'until paid,' 'fully paid,' or provided no duration period. It also amended section 329 of the Code of Civil Procedure to provide a two-year limitation on liens arising under street improvement proceedings taken under other than state laws. In the amendments to the various improvement acts no reference is made to liens already in existence, but in sections 329 and 330 of the Code of Civil Procedure, and in section 2911 of the Civil Code, the Legislature made express and specific provision for the extinction of such liens. These enactments reflect a clear purpose to provide a definite statute of limitations as to all liens arising under special assessments. They constitute a 'revision of the entire subject,' within the rule set forth in *Penziner* v. *West American Finance Co.*, 10 Cal.2d 160, 176 [74 P.2d 252] : '. . . In *Sponogle* v. *Curnow,* 136 Cal. 580, 584 [69 P. 255], the rule is briefly stated as follows: 'Although an act or part of an act may not be repealed expressly or by necessary implication, still a revision of the whole subject matter covering said act would supersede all such portions as were omitted from the revisory act. . . .'

"It is plain from its comprehensive enactments that the Legislature intended to and did provide a definite statute of limitations and a definite period of time upon the expiration of which street improvement liens would be not only unenforceable by foreclosure but also would be presumed to have been extinguished; and further that the Legislature intended its enactments to apply retrospectively, giving the holders of liens which had theretofore attached either four years or until January 1, 1947, whichever was later, in which to take action. The legislation took effect September 15, 1945, thus giving the holders of old liens 15½ months in which to act."

Section 752 of the Code of Civil Procedure, under which these actions are brought, reads as follows:

"*When and by whom action may be brought for partition of realty.* When several cotenants own real property as joint tenants, or tenants in common, in which one or more of them have an estate of inheritance, or for life or lives, or for years,

or when real property is subject to a life estate with remainder over, an action may be brought by one or more of such persons, or, where property is subject to a life estate with remainder over, by the life tenant, or where real property is subject to a lien on a parity with that on which the owner's title is based, by the owner or by the holder of such lien, for a partition thereof according to the respective rights of the persons interested therein, and for a sale of such property, or a part thereof, if it appears that a partition can not be made without great prejudice to the parties.''

In *Sipe* v. *Correa*, 38 Cal.2d 131, 134 [238 P.2d 989], the court, in discussing this section, held that the remedy of partition as a means of enforcing improvement bonds liens, first provided in 1943 by amendment of section 752 of the Code of Civil Procedure, was in addition to other remedies previously and then existing; that this 1943 amendment conferred no substantive rights, and did not guarantee the perpetual enforceability of any unforeclosed liens existing at that time. As a remedy created solely by statute, and dependent upon the statute alone, it was subject to abolishment by the Legislature. (Citing cases.) ▮ As we read this section (Code Civ. Proc., § 752), a right to bring an action in partition is given to one who has a lien on a parity with that on which the owner's title is based, and where, as here, plaintiff filed her actions in 1949, she had no lien which could be enforced or foreclosed by reason of the provisions of section 2911 of the Civil Code and section 330 of the Code of Civil Procedure. She had no lien on a parity with that of the defendants, or otherwise.

Plaintiff argues that the title conveyed to the defendants by the state was subject to the parity of her bonds and that the parity principle operated to sustain the availability of her partition action. (Citing *Elbert, Ltd.* v. *Nolan*, 32 Cal.2d 610 [197 P.2d 537].) ▮ However, in *Scheas* v. *Robertson*, 38 Cal.2d 119 [238 P.2d 982], the rule in the Elbert case that the bond lien continued to exist so as to support an action for partition although it could not be enforced through foreclosure proceedings by reason of the running of the statute of limitations was held to be inapplicable and was declared to be changed by the complete revisory plan of the 1945 legislation. (Stats. 1945, ch. 360, § 1, ch. 361, § 1.) It was there held:

''. . . (1) sale by the state to a purchaser of realty which the state had acquired at a sale for delinquent taxes passes

its title to the purchaser and eliminates the right of redemption; (2) the amendment of Civil Code, section 2911, in 1945 established an absolute limitation of four year after the due date of the bond or the last installment thereof or the last principal coupon attached thereto or until January 1, 1947, whichever is later, for the enforcement of the lien of bonds issued under the Improvement Act of 1911; and is a valid statute of limitations; (3) notwithstanding the fact that the Improvement Act of 1911 and the contract under which the bond was issued stated that the lien of the bond was to continue until the bond was paid, the amendment of 1945 satisfied the requirements of due process and did not impair the obligation of a contract; (4) the amendment of 1945 when applicable operates to prevent the holder of a street improvement bond issued under the Improvement Act of 1911 from enforcing his lien in any manner, whether the remedy pursued be a suit for partition or foreclosure; (5) the lien of a street improvement bond is presumed to have been extinguished at the expiration of the time stated in Civil Code, section 2911, and one who purchases the property after such time has expired need not ascertain whether any lien securing such bond was in fact extinguished but may rely on the presumption." (*Elbert, Ltd.* v. *City of Long Beach,* 108 Cal. App.2d 463, 464 [239 P.2d 4].)

■ In the instant case, it is our conclusion that plaintiff had lost her lien rights of foreclosure and parity by reason of her failure to exercise such rights prior to January 1, 1947. The record shows that plaintiff's bonds were all issued prior to 1930 and that the present actions were not filed until 1949. The 1945 enactments gave plaintiff a reasonable time thereafter in which to protect her liens and such enactments were within the power of the Legislature. Plaintiff's liens were extinguished by her conduct in failing to assert her rights within the statutory period, after due notice. (*Scheas* v. *Robertson, supra,* pp. 125-126.)

■ Plaintiff argues that section 2911 of the Civil Code merely creates a disputable presumption that her bonds were extinguished and that the evidence produced by her showing that the bonds were unpaid and had not been discharged of record was sufficient to overcome the presumption. However, the record shows that plaintiff failed to produce evidence that she made a valid demand upon the city treasurer for a foreclosure during the times permitted; that she failed to produce evidence that a foreclosure action was filed or that she

attempted to file such action during the times allowed under section 6610 of the Streets and Highways Code; that she failed to produce evidence that she filed or attempted to file a partition action on or before December 31, 1946; that she failed to take advantage of the reasonable time limit prescribed in section 2911 of the Civil Code and failed to plead and prove facts which would relieve her from the effects of the statute of limitations. The presumption of extinguishment of the liens was not overcome by evidence of their nonpayment or nondischarge of record. No equitable reason was shown excusing plaintiff's delay.

The judgment in each case is affirmed.

Barnard, P. J., and Griffin, J., concurred.

In Civ. Nos. 4535, 4536, 4537, 4540, 4543, 4546, 4549, 4550, 4553, 4554, 4556, 4559, 4561 and 4597 the petition for a rehearing was denied April 9, 1953, and appellants' petition for a hearing by the Supreme Court was denied May 7, 1953.