[Civ. No. 21214. Second Dist., Div. Three. Oct. 17, 1955.]

JOHN H. PAULES, Appellant, v. ELBERT, LTD. (a Corporation), Respondent.

Ratzer & Bridge for Appellant.

John F. Bender for Respondent.

NOURSE (Paul), J. pro tem.*—By his complaint in this action appellant sought to quiet his title to certain real property in the city of Hermosa Beach against the claims of defendant Elbert, Ltd.

By the judgment appealed from the trial court decreed that defendant is the owner of and entitled to possession of the real property in question and that plaintiff has no right, title or interest therein.

The facts are not in dispute. They are:

Defendant acquired a street improvement bond issued under the Improvement Act of 1911 under date of August 25, 1925. This bond was a lien on the subject property. It was payable in equal installments, the last installment falling due on January 2, 1945. No installments of either principal or interest were paid except those falling due on or prior to July 2, 1931.

In September 1944 one Eugene C. Johnston acquired title to the property through a tax deed from the city of Hermosa Beach.

In October 1944 Johnston executed a quitclaim deed to plaintiff but this deed was not signed by his wife, was not acknowledged and was not recorded. On June 30, 1950, Johnston and his wife executed a quitclaim deed to plaintiff but this deed was not recorded until June 24, 1953.

On July 12, 1950, defendant here commenced an action in partition against Johnston et ux., alleging that it was the

---

*Assigned by Chairman of Judicial Council.

owner of the above mentioned street improvement bond (a full copy of the bond was annexed to the complaint as exhibit A) and that defendant claimed some interest in the property under the tax deed mentioned above. That Johnston had paid $30 for the conveyance of the property to him. A lis pendens was duly recorded.

In the partition action the Johnstons were duly served but defaulted and on May 11, 1951, an interlocutory decree in partition was entered. By the terms of this decree it was adjudged that Elbert, Ltd. (the plaintiff there) was the owner and holder of a lien on the property consisting of the unpaid balance of $256.92 on the street improvement bond; that Johnston was the owner of an equitable lien in the sum of $30 and that said lien was on a parity with that of the bond.

The interlocutory decree appointed a referee with authority to sell said property and directed that the proceeds of sale after the payment of referee's fees, costs and attorney fees, should be applied to the satisfaction of the two liens or if insufficient to totally satisfy them then to be prorated between them. The referee sold the property to Elbert, Ltd. for the sum of $200 and paid to Johnston his pro rata share of the net proceeds of the sale. A final decree was duly entered and the referee executed a deed to the purchaser pursuant to the terms of that decree and the interlocutory decree.

The only question on this appeal is as to the validity of the decrees in partition and the deed issued pursuant to them.

Appellant asserts that the decree is void on its face and consequently is not a foundation for the referee's deed under which respondent claims title and upon which the judgment appealed from is based. Appellant admits that if the decree is valid as to Johnston it is valid as to him.

We have come to the conclusion that the decree of partition is not void and that the judgment should be affirmed.

Briefly stated, appellant's position is:

That the complaint in partition failed to state a cause of action in that having been filed long after January 1, 1947, it showed on its face that the lien asserted by plaintiff had been extinguished and that therefore plaintiff had no interest in the property which would entitle it to maintain an action to partition it. He bases his position on the provisions of section 2911 of the Civil Code, section 330 of the Code of Civil Procedure, section 6610 of the Streets and Highways Code, and certain decisions construing those statutes.

Section 2911, Civil Code, reads as follows: "A lien is ex-

tinguished by the lapse of time within which, under the provisions of the Code of Civil Procedure, either: 1. An action can be brought upon the principal obligation or 2. A treasurer, street superintendent or other public official may sell any real property to satisfy a public improvement assessment or any bond issued to represent such assessment and which assessment is secured by a lien upon said real property; whichever is later.

"Anything to the contrary notwithstanding, any lien heretofore existing or which may hereafter exist upon real property to secure the payment of a public improvement assessment shall be presumed to have been extinguished at the expiration of four years after the due date of such assessment or the last installment thereof, or four years after the date the lien attaches, or on January 1, 1947, whichever is later, or in the event bonds were or shall be issued to represent such assessment, the lien shall then be presumed to have been extinguished at the expiration of four years after the due date of said bonds or of the last installment thereof or of the last principal coupon attached thereto, or on January 1, 1947, whichever is later. *The presumptions* mentioned in this paragraph *shall be conclusive in favor of a bona fide purchaser for value of said property after such dates.*" (Italics ours.)

Section 330, Code of Civil Procedure, provides in substance that the time within which property may be sold by a treasurer, street superintendent or other public official vested with power to sell under a street improvement bond is limited to four years after the due date of said bond, or the last installment thereof, or prior to January 1, 1947, whichever date is later.

By the provisions of section 6610 of Streets and Highways Code it is provided that an action to foreclose the bond may only be maintained if commenced within four years after the due date of the last installment upon the bond.

■ Respondent's bond was, as we have said, issued pursuant to the Improvement Act of 1911 (now Sts. & Hy. Code, §§ 5000-6794). By the provisions of that act the lien of the bond continued until the bond was fully paid and discharged of record. (Sts. & Hy. Code, §§ 5372; 6460.)

This lien entitled respondent to maintain an action to partition the property subject to its lien unless that lien had been extinguished. (Code Civ. Proc., § 752; *Elbert, Ltd.* v. *Nolan,* 32 Cal.2d 610 [197 P.2d 537]; *Scheas* v. *Robertson,* 38 Cal.2d 119 [238 P.2d 982].)

■ Under the provisions of section 2911, Civil Code, respondent's lien is presumed to have been extinguished at a time long before it commenced its action in partition. The defendant Johnston, however, was not an innocent purchaser for value after January 1, 1947, having acquired his interest in the property in 1944. The presumption declared by section 2911 was not therefore a conclusive one and it was open to respondent to prove that its lien had not in fact been extinguished. It is true that it could not prove this by the mere showing that the bond had not in fact been paid, but it could prove it by proof of that fact and others. (See *Harless* v. *Winter*, 116 Cal.App.2d 641 at 648 [254 P.2d 168].)

■ The complaint in the partition action did not state a cause of action, there being no facts pleaded therein to offset the presumption that the lien of the bond upon which the cause of action was based had been extinguished and the plaintiff left with no interest in the property and therefore no right to seek to partition. This fact, however, does not render the default judgments rendered in the action void. The complaint did fully apprise the defendant of the nature of plaintiff's claim and the judgment rendered was therefore not subject to collateral attack if the court had jurisdiction of the parties and subject matter of the action. (*Estate of Keet*, 15 Cal.2d 328 at 334 [100 P.2d 1045]; *Christerson* v. *French*, 180 Cal. 523 [182 P. 27]; *Gillespie* v. *Fender*, 180 Cal. 202 [180 P. 332].) In the partition action the superior court admittedly had jurisdiction of the parties and it had jurisdiction of actions for the partition of real property situated in the county. The fundamentals of jurisdiction necessary to support the default judgments being present, they were not subject to collateral attack.

Appellant asserts, however, that the court in the partition action did not have jurisdiction of the subject matter of that action and relies on *Capital Bond & Inv. Co.* v. *Hood*, 218 Cal. 729 [24 P.2d 765]. The cited case is not controlling here. In that case the plaintiff was the owner of two street improvement bonds. One of these bonds had been issued prior to the date when the statute pursuant to which it was issued permitted the foreclosure thereof by court action. The other bond was subject to such foreclosure. Plaintiff brought suit on both bonds setting forth but one cause of action and secured a default judgment foreclosing them. This judgment ordered the property covered by both bonds sold en masse to satisfy the total amount due on the two bonds without segre-

gating the amount due on each. Two years after the entry of the judgment one of the defendants moved to vacate the judgment. The motion was granted and plaintiff appealed. In affirming the order of the lower court the Supreme Court held that inasmuch as the bond issued in 1921 was not the subject of foreclosure by action, the court did not have jurisdiction of the subject matter of the action and in this regard said (p. 731): ". . . The bond on Lot 20 was issued prior to the amendment in 1921 of the act of 1911 permitting the foreclosure of such bonds by court action and the allowance of attorney's fees therein. As to this bond the court was without jurisdiction to entertain an action to foreclose the same. (*Jeffreys* v. *Point Richmond Canal etc. Co.*, 202 Cal. 290 [260 P. 548].) When the court entered a judgment of foreclosure of this bond and the sale of Lot 20 it had no jurisdiction of the subject matter. Its action in this respect was not an error in the exercise of its jurisdiction, and the rule of *Cohen* v. *Cohen*, 150 Cal. 99 [88 P. 267, 11 Ann.Cas. 520], and other cases to like effect, is not applicable. Here the court was without power to act in foreclosing said bond and its judgment in so doing was void."

If the judgment attacked here were one of foreclosure the cited case might well be controlling, for unless section 6610 be construed as a statute of limitations, rather than the grant of a remedy, conditioned upon its being exercised within the time limited by the section, no remedy by foreclosure attached to the bond in question here after January 2, 1939. (*Roberts* v. *Title Ins. & Trust Co.*, 6 Cal.2d 373 [57 P.2d 916]; *Pennsylvania R. Co.* v. *Midstate etc. Co.*, 21 Cal.2d 243, 247 [131 P.2d 544]; *Engel* v. *Davenport*, 194 Cal. 344 at 351 [228 P. 710]; 53 C.J.S. 904. But see *Ritter* v. *Franklin*, 50 Cal.App. 2d 844 [123 P.2d 866].)

In the case at bar the court did, however, have jurisdiction of the action for partition and this jurisdiction was not, as we have shown, affected by the fact that the complaint did not state a cause of action.

The conclusions we have reached, as stated above, make it unnecessary to discuss the other points raised in the briefs

The judgment is affirmed.

Shinn, P. J., and Vallée, J., concurred.

A petition for a rehearing was denied November 15, 1955, and appellant's petition for a hearing by the Supreme Court was denied December 14, 1955.